IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

1:CV00-1069

RUSSELL E. GOSS, JR.
PLAINTIFF

INSTITUTION No. CD-1749

v.

WILLIAM F. WARD, ET.AL.,
PENNSYLVANIA BOARD OF
PROBATION AND PAROLE
DEFENDANTS

PAROLE No. 503AF

A CIVIL RIGHTS COMPLAINT
WITH A JURY DEMAND

1. THIS IS A §1983 ACTION, FILED BY RUSSELL E. GOSS, JR. ALLEGING VIOLATION OF HIS CONSTITUTIONAL RIGHT'S, AND SEEKING DECLARATORY JUDGEMENT AND INJUNCTIVE RELIEF; PLAINTIFF REQUEST TRIAL BY JURY.

## JURISDICTION

2. THIS IS A CIVIL RIGHT'S ACTION PURSUANT TO 42 U.S.C.§1983; THIS COURT HAS JURISDICTION PURSUANT TO 28 U.S.C.§1343. PLAINTIFF INVOKES THE PENDENT JURISDICTION OF THIS COURT.

3. SECTION §1983 PROVIDES INDIVIDUALS WITH A PRIVATE COURSE OF ACTION WHEN CONSTITUTIONAL DEPRIVATIONS OCCURR UNDER COLOR OF STATE LAW, MERTIK v. BLALOCK, 985 F.2D 1353 (6TH CIR.1993).

## PARTIES

4. THE PLAINTIFF IS RUSSELL E. GOSS, JR., AN INMATE CURRENTLY INCARCERATED AT THE STATE CORRECTIONAL INSTITUTION AT ROCKVIEW, IN BELLEFONTE, PENNSYLVANIA.

5. THE DEFENDANTS ARE: WILLIAM F. WARD, CHAIRMAN OF THE PENNSYLVANIA BOARD OF PROBATION AND PAROLE (HEREIN REFERRED TO AS THE BOARD), AND THE FOLLOWING BOARD MEMBERS. GARY LUCHT; ALLEN CASTOR; BARBERA DESCHER; RICHARD KIPP; BENJAMIN MARTINEZ;

2

NICHOLAS MULLER; SEAN RYAN; AND MICHAEL WEBSTER. ALL DEFENDANTS ARE TO MY KNOWLEDGE, MEMBERS OF THE PENNSYLVANIA BOARD OF PROBATION AND PAROLE (HEREAFTER REFERRED TO AS THE BOARD) AND SHARE IN DECISION MAKING WHEN DECIDING TO EITHER GRANT OR DENY PAROLE TO AN APPLICANT

6. THE CONDUCT COMPLAINED OF WAS COMMITTED BY THE DEFENDANTS WHILE ACTING UNDER COLOR OF LAW; THE CONDUCT OF THE DEFENDANTS DEPRIVED PLAINTIFF OF RIGHTS, PRIVILEGES, OR IMMUNITIES SECURED BY THE CONSTITUTION OF THE UNITED STATES. **EACH DEFENDANT IS SUED IN HIS/HER INDIVIDUAL CAPACITY.**

## CAUSE OF ACTION

THE BOARD INVIDIOUSLY DISCRIMINATED AGAINST THE PLAINTIFF AND OTHE BLACK INMATES IN THE SEX OFFENDERS PROGRAM (HEREAFTER S.O.P.) HERE AT ROCKVIEW, AND THE BOARD HAS VIOLATED THE PLAINTIFF'S RIGHT TO EQUAL PROTECTION AND DUE PROCESS OF LAW AS GUARANTEED BY THE U.S. CONSTITUTION.

## FACTS

8. THE PLAINTIFF WAS A PARTICIPANT IN THE S.O.P. HERE AT ROCKVIEW. THE PLAINTIFF AND OTHER BLACK INMATES WHO ARE OR WERE PARTICIPANTS IN THIS PROGRAM HAVE BEEN INTERVIEWED BY THE BOARD AND CONSISTENTLY DENIED PAROLE FOR VARIOUS ARBITRARY REASONS. THE BOARD HAS CREATED A DEFACTO SYSTEM OF DISCRIMINATION THAT SETS SEPARATE STANDARDS FOR BLACK AND WHITE INMATES IN THIS PROGRAM HERE AT ROCKVIEW; THE BOARD HOLDS BLACK INMATES TO A STRICTER STANDARD OF REVIEW THAN ARE WHITE INMATES. WHITE INMATES ARE BEING GRANTED PAROLE AT DOUBLE THE RATE OF BLACK INMATES. SINCE 1996 APPROXIMATELY 16 BLACK SEX OFFENDERS HAVE BEEN PAROLED FROM THE S.O.P. PROGRAM; THESE INMATES ARE:

Leroy Spann; Terry Washington; Arthur Stewart; Arthur Washington; Kevin Nichols; Chris Meyers; Carl Johnson; James Rice; Henry Austin; Darrien Cameron; Thomas Baxter; Dale Moore; Michael Smalls; James Hancock; Calvin Grier; John Wescott.

9. OVER THE SAME PERIOD OF TIME THE FOLLOWING WHITE INMATES WERE PAROLED BY THE BOARD:

Allen Yeager; Steve Tormas; Dave Marinalli; William Fascik; Ricky Wehr; Robert Colandra; Edward Abrams; Robert Evans; Robert Peterson; Randall Wray; Robert Bowers; Edward Ozosky; Mike Tiano; Terry Engle; Donnie Stat; Joseph Tubbs; Mike Bragg; Edward Hudak; Kenny Gundacker; kenneth Stem; Eddie kyle; Robert Wolk; Mark Coldsmith; William Allison; Jeff Markey; Edward Mmith; Mark Mcbride; George farr; Edward Bulovas; Edwin Smith; John Dywer; Ronald Price; John Sacik; Daryl Deep; Owen Ginnery; Frederick Hyatt; Michael Cseripko; Edward Koller; Fred Schwartz; John Boyle; Lester Nenninger; Gary Oley; keith Strine; Edward Yonek. Larry Dixon.

10. THERE ARE A TOTAL OF (44) WHITE INMATES FROM THE S.O.P. THAT HAVE BEEN PAROLED SINCE 1996, AS COMPARED TO 16 BLACK INMATES. A CHECK OF THE RECORD WILL SHOW THAT OVER HALF OF THE BLACK INMATES NAMED ABOVE WERE PAROLED ONLY AFTER LITIGATION HAD BEGUN IN THE FEDERAL COURTS. ALL ABOVE BLACK INMATES HAD A RECOMMENDATION FROM

3

THE DEPARTMENT OF CORRECTIONS (HEREIN REFERRED TO AS THE D.O.C.); ADDITIONALLY, SOME WHITE INMATES WERE PAROLED **WITHOUT** BEING RECOMMENDED FOR PAROLE BY THE D.O.C., THOSE BEING: **WILLIAM ALLISON** AND **ROBERT EVANS**. SOME WHITE HAVE BEEN PAROLED FROM INTERMEDIATE LEVEL OF THERAPY, AND DID NOT HAVE PROGRAM COMPLETIONS. **NO** BLACK INMATE HAS BEEN PAROLED FROM INTERMEDIATE LEVEL OF THERAPY, AND **NO** BLACK INMATE HAS BEEN PAROLED WITHOUT AN INSTITUTIONAL RECOMMENDATION. ONE **CLYDE SEYMOUR** NOT NAMED ELSEWHERE IN THIS COMPLAINT, WAS REMOVED FROM S.O.P. FOR NOT BENEFITING FROM THERAPY, BUT WAS GRANTED PAROLE BY THE BOARD, AND IS NOW AWAITING A RELEASE DATE. THE BOARD HAS UNFETTERED RIGHT OF DISCRETION TO GRANT OR DENY PAROLE, AND THE BOARD USES THAT DISCRETION AGAINST BLACK APPLICANTS BY DENYING THEM PAROLE OR HOLDING THEM TO STRICTER STANDARDS THAN THAT APPLIED TO WHITE INMATES.

11. THE FACT THAT SUCH A SMALL NUMBER OF BLACK INMATES HAS BEEN FOUND SUITABLE FOR PAROLE BY THE BOARD, AS COMPARED TO SUCH A LARGE NUMBER OF WHITE INMATES. THE FACT THAT SOME WHITES ARE BEING PAROLED WITHOUT INSTITUTIONAL RECOMMENDATIONS OR PROGRAM COMPLETIONS, COUPLED WITH THE FACT THAT BLACK INMATES HAVE REACHED THE SAME LEVELS AND ACHIEVED THE SAME GOALS AS THE WHITE INMATES IN THE SAME PROGRAM AND UNDER THE SAME CIRCUMSTANCES, YET WERE STILL DENIED PAROLE FOR NO RATIONAL REASON. THE PATTERN IS EVIDENCE OF A DEFACTO EXISTENCE OF A DIFFERENT STANDARD OF REVIEW SET FOR BLACK INMATES. THE THRESHOLD OF OF AN EQUAL PROTECTION CLAIM IS SHOWING THAT THE GOVERNMENT DISCRIMINATED AMONG GROUPS, **EAGELSTON V. GUIDO**, 41 F.3D 865(2ND CIR.1994) EQUAL PROTECTION FORBIDS STATE TO TREAT ONE GROUP OF PRISON INMATES, ARBITRARILY WORSE THAN ANOTHER, **ANDERSON V. ROMERO**, 72 F.3D 518 (7TH CIR.1995).

12. **IN SUPPORT OF PLAINTIFF'S DUE PROCESS CLAIM**: ALTHOUGH PLAINTIFF HAS NO STATUTORILY CREATED LIBERTY INTEREST UNDER PENNSYLVANIA LAW, IT IS FIRMLY ESTABLISHED THAT ONCE A STATE CREATES A PAROLE SYSTEM, ALL INMATES HAVE A LIBERTY INTEREST FLOWING DIRECTLY FROM THE DUE PROCESS CLAUSE IN **NOT** HAVING PAROLE DENIED FOR ARBITRARY OR CONSTITUTIONALLY IMPERMISSIBLE REASONS SUCH AS RACE, **CHILDS V. U.S. BD. OF PAROLE**, 511 F.2D 1270.

## SUMMARY

PLAINTIFF HAS SHOWN THAT THERE IS SOME EVIDENCE THAT THE BOARD HAS OF PROBATION AND PAROLE HAS DISCRIMINATED AGAINST HIM AND OTHER BLACK INMATES IN THE S.O.P. PROGRAM HERE AT ROCKVIEW; THAT THE PLAINTIFF WAS ADVERSELY AFFECTED AND DISADVANTAGED BY THE DEFENDANT'S DISCRIMINATORY PRACTICES; THAT THERE IS A DEFACTO SYSTEM OF DISCRIMINATION EMPLOYED BY THE DEFENDANTS THAT SETS DIFFERENT STANDARDS FOR BLACKS AND WHITES.

4

## RELIEF REQUESTED

WHEREFORE, THE PLAINTIFF, RUSSELL E. GOSS, JR., RESPECTFULLY REQUEST THIS HONORABLE COURT TO GRANT THE FOLLOWING RELIEF:

1. BAR THE DEFENDANTS FROM RETALIATING AGAINST THE PLAINTIFF FOR INSTITUTING THIS COMPLAINT.

2. ISSUE A DECLARATORY JUDGEMENT THAT THE DEFENDANTS HAVE VIOLATED THE PLAINTIFF'S CONSTITUTIONAL RIGHT'S WHEN THEY FAILED TO GIVE EQUAL AND FAIR CONSIDERATION TO PLAINTIFF BECAUSE OF RACE OR OTHER IMPERMISSIBLE FACTORS.

3. ISSUE AN INJUNCTIVE ORDER RESTRAINING THE DEFENDANTS FROM EXERCISING THEIR DISCRETIONARY POWER OR AUTHORITY IN A DISCRIMINATORY MANNER.

RESPECTFULLY SUBMITTED

*[signature: Russell E. Goss Jr.]*

PLAINTIFF, PRO SE

5

## APPLICATION TO PROCEED IN FORMA PAUPERIS

PLAINTIFF, Russell E. Goss, Jr., REQUEST THIS COURT TO GRANT HIM LEAVE TO FILE THE ATTACHED COMPLAINT WITHOUT PREPAYMENT OF COST, AND TO PROCEED IN FORMA PAUPERIS. A DECLARATION IN SUPPORT OF MY MOTION IS HERETO ATTACHED.

## AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED IN FORMA PAUPERIS

I, Russell E. Goss, Jr., DECLARE THAT I AM THE PLAINTIFF IN THIS MATTER; THAT IN SUPPORT OF MY MOTION TO PROCEED IN FORMA PAUPERIS, I STATE THAT BECAUSE OF MY POVERTY, I AM UNABLE TO PREPAY THE COST OF SAID PROCEEDINGS OR GIVE SECURITY THEREFORE; AND THAT I BELIEVE I AM ENTITLED TO RELIEF AND STATE THE FOLLOWING:

1. I AM NOT PRESENTLY EMPLOYED.

2. I HAVE NOT RECEIVED WITHIN THE LAST TWELVE MONTHS ANY MONEY FROM THE FOLLOWING SOURCES:
   A) BUSINESS,, PROFESSION OR ANY FORM OF SELF EMPLOYMENT.
   B) RENT PAYMENTS, INTEREST OR DIVIDENDS.
   C) PENSIONS, ANNUITIES OR LIFE INSURANCE PAYMENTS.
   D) GIFTS OR INHERITANCES, OTHER THAN SMALL CASH GIFTS FROM FAMILY.
   E) ANY OTHER SOURCE.

3. I DO NOT OWN ANY CASH OR HAVE MONEY IN A CHECKING OR SAVING ACCOUNT.

4. I DO NOT OWN ANY REAL ESTATE, STOCKS, BONDS, NOTES, AUTOMOBILES OR OTHER VALUABLE PROPERTY.

5. I HAVE NO ONE DEPENDING UPON ME FOR SUPPORT.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON _May 15th, 2000_.

RESPECTFULLY SUBMITTED

_Russell E. Goss, Jr._
PLAINTIFF, PRO SE

6

## CERTIFICATE OF SERVICE

I, Russell E. Goss, Jr., certify that I have served a true and correct copy of the attached document upon the persons and in the manner indicated below:

Service by First Class Mail on this 15th Day of May, 2000.

Pennsylvania Board of
Probation and Parole
1001 S. Front Street
   Suite 5100
Harrisburg, Pa. 17104-2517

Office of Attorney General
15th. Floor. Strawberry Square
Harrisburg, Pa. 17120

Respectfully Submitted

Russell E. Goss, Jr.
Plaintiff, Pro SE
Box A
Bellefonte, PA 16823