**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RUSSELL E. GOSS, Jr., :
:
    Plaintiff :
:
v. : No. 1:CV-00-1069
: (JUDGE RAMBO)
WILLIAM F. WARD, et al., :
:
    Defendants :

FILED
HARRISBURG, PA
OCT 03 2000
MARY E. D'ANDREA, CLERK
Per_____ Deputy Clerk

### DEFENDANTS' ANSWER TO COMPLAINT

Defendants William F. Ward, Gary R. Lucht, Allen Castor, Barbara K. Descher, Richard A. Kipp, Benjamin A. Martinez, Nicholas P. Muller, Sean R. Ryan, and Michael M. Webster, through their counsel Daniel J. Doyle, Senior Deputy Attorney General, hereby answer the complaint as set forth below:

### FIRST DEFENSE

1. To the extent this paragraph purports to characterize this action, it is **ADMITTED**. Otherwise, this paragraph is a conclusion of law to which **NO RESPONSE** is required. To the extent this paragraph is otherwise deemed factual, this paragraph is **DENIED**.

2.-3. These paragraphs state conclusions of law to which **NO RESPONSE** is required. To the extent they are deemed factual they are **DENIED**.

4. **ADMITTED**.

5. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** William Ward is Chairman of the Pennsylvania Board of Probation and Parole (Board), that William Ward, Gary Lucht, Allen Castor, Barbara Descher, Richard Kipp, Benjamin Martinez, Nicholas Muller, Sean Ryan, Michael Webster are members of the Board and that they share in decision making with

respect to granting or denying of parole. Otherwise, the paragraph asserts conclusions of law to which **NO RESPONSE** is required; to the extent these averments are deemed factual, they are **DENIED**.

6.    This is a conclusion of law to which **NO RESPONSE** is required. To the extent this paragraph is deemed factual, this allegation is **DENIED**.

7.    This is a conclusion of law to which **NO RESPONSE** is required. To the extent this paragraph is deemed factual, this allegation is **DENIED**.

8.    **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that the plaintiff is a participant in the sex offender program at SCI-Rockview. It is **ADMITTED** that other black inmates have participated and are participating in the sex offender program at SCI-Rockview. It is also **ADMITTED** that black inmates have been interviewed by the Board, and that the listed black inmates have been paroled from SCI-Rockview. It is **DENIED** that plaintiff has accurately listed all of the black inmates who have been paroled. It is **DENIED** that any inmate has been denied parole for any arbitrary reason, that the Board has created a "defacto system of discrimination" or that the Board holds black inmates to a stricter standard of review that white inmates.

9.    **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that the inmates listed in this paragraph have been paroled. It is **DENIED** that plaintiff has accurately listed all of the white inmates who have been paroled and are awaiting parole.

10.    **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that plaintiff has not been paroled. It is further **ADMITTED** that Allison, Seymour and Evans were paroled without a favorable Department recommendation. It is **DENIED** that no black inmate has been paroled without an institutional recommendation. Defendants are without knowledge sufficient to form a

belief as to the truth of whether or not no black inmate has been paroled from the intermediate level of therapy, therefore this portion of the averment is **DENIED**. The remainder of this paragraph is also **DENIED**.

11. This is a conclusion of law to which **NO RESPONSE** is required. To the extent this paragraph is deemed factual, this allegation is **DENIED**.

12. This is a conclusion of law to which **NO RESPONSE** is required. To the extent this paragraph is deemed factual, this allegation is **DENIED**. The remainder of the complaint states conclusions of law to which **NO RESPONSE** is required. To the extent these conclusions are deemed factual, they are **DENIED**.

## SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

At no time have defendants, either individually or in concert with others deprived or sought to deprive plaintiff of any rights, privileges or immunities secured to him by the Constitution or laws of the United States.

## FOURTH DEFENSE

At all material times, defendants have acted in the reasonable good faith belief in the lawfulness of their actions and are entitled to immunity therefore.

## FIFTH DEFENSE

Plaintiff's request for injunction relief necessarily implication release from custody and, therefore, sounds in habeas requiring that plaintiff exhaust available state remedies before seeking relief from this Court.

## SIXTH DEFENSE

Plaintiff is entitled to no relief, whether declaratory, injunctive, compensatory or otherwise.

## SEVENTH DEFENSE

Defendants may not be found liable absent evidence that they were personally involved in the Board decisions about which plaintiff complains.

Respectfully submitted,

D. MICHAEL FISHER
Attorney General

BY: _____
DANIEL J. DOYLE
Senior Deputy Attorney General
I.D. No. 54855

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief Litigation Section

Office of Attorney General
Litigation Section
15th Floor, Strawberry Sq.
Harrisburg, PA 17120
Direct Dial: (717) 787-2944
Fax: (717) 772-4526

DATE: October 3, 2000

## CERTIFICATE OF SERVICE

I, **DANIEL J. DOYLE**, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on October 3, 2000, I caused to be served a copy of the foregoing document entitled **Defendants' Answer to Complaint,** by depositing same in the United States Mail, first class, postage prepaid, in Harrisburg, Pennsylvania, upon the following:

**Russell Goss, Jr., CD-1749**
**SCI-Frackville**
**1111 Altamont Boulevard**
**Frackville, PA  17931-2699**

**DANIEL J. DOYLE**
**Senior Deputy Attorney General**
**I.D. No. 54855**