ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RUSSELL E. GOSS, JR.,  :
                       :
    Plaintiff          :
                       :
    v.                 :   No. 1:CV-00-1069
                       :   (JUDGE RAMBO)
WILLIAM F. WARD, et al., :
                       :
    Defendants         :

FILED
HARRISBURG, PA
FEB 7 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

### DEFENDANTS' MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND TO EXTEND THE DATE FOR FILING DISPOSITIVE MOTIONS

Defendants move this Court for an order compelling plaintiff to respond to defendants' discovery. Further, because plaintiff has not yet responded to defendants' discovery, defendants seek a postponement of the date dispositive motions are due until fifteen (15) days after plaintiff fully responds to defendants' interrogatories. In support of this motion, defendants aver:

1. This action was filed on June 15, 2000 by Russell Goss, Jr., who alleged that his constitutional rights were violated by the refusal of the Pennsylvania Board of Probation and Parole and its members to parole him because of his race.

2. A summons was issued July 28, 2000 and defendants waived service of summons on September 6, 2000.

3. Defendants answered the complaint on October 3, 2000.

4. On December 5, 2000, this Court ordered that discovery be completed within sixty (60) days and that dispositive motions would be due within thirty (30) days of the close of discovery.

5. Eight days later, defendants served a set of interrogatories on plaintiff. A copy of Defendants' First Set of Interrogatories is attached as **ATTACHMENT A**. The plaintiff never responded to these interrogatories.

6. By letter dated January 25, 2001, defendants asked plaintiff to respond to these interrogatories immediately or notify defendants that he would not be responding and no longer wished to proceed with this action. A copy of this letter is attached as **ATTACHMENT B**. Defendants heard nothing in response.

7. Defendants interrogatories were short and to the point and relate directly to contentions in plaintiff's complaint.

8. Defendants anticipate that answers to these interrogatories will be directly relevant to an anticipated dispositive motion filed on their behalf.

**WHEREFORE**, defendants respectfully ask this Court to direct plaintiff to answer defendants' interrogatories. Defendants further ask that the Court postpone the date for filing dispositive motions until fifteen (15) days after plaintiff has fully responded to defendants' interrogatories.

        Respectfully submitted,

        **D. MICHAEL FISHER**
        **Attorney General**

BY: _____
        **DANIEL J. DOYLE**
        Senior Deputy Attorney General
        I.D. No. 54855

        **SUSAN J. FORNEY**
        **Chief Deputy Attorney General**
        **Chief Litigation Section**

**Office of Attorney General**
**Litigation Section**
15th Floor, Strawberry Sq.
Harrisburg, PA 17120
(717) 787-2944

DATE: February 7, 2001

# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RUSSELL E. GOSS, JR.,  :
    Plaintiff  :
    v.  :   No. 1:CV-00-1069
       :   (JUDGE RAMBO)
WILLIAM F. WARD, et al.,  :
    Defendants  :

## DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Fed.R.Civ.P. 33, plaintiff is hereby required to file a response to the following interrogatories within thirty (30) days of service. The following definitions and instructions are applicable to each interrogatory unless negated by the context.

## I. DEFINITIONS

1. "You" or "Your" shall mean **RUSSELL E. GOSS, JR.** as well as any person acting on your behalf or pursuant to your direction.

2. "Document" or "Documents" shall mean all written or printed matter of any kind, including the originals and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise, including without limitation reports, summaries, notations of any conversations, diaries, appointment books or calendars, telefaxes, computer data, photographs, microfiche, microfilm, videotape, and audiotape.

3. "And" shall mean and/or.

4. "Or" shall mean and/or.

5. "Identify" or "Identity", when used in reference to an individual person, shall mean to state his or her full name, present or last known business address, or resident address if no permanent business address is known, telephone number, and the name of such persons present or last known employer, place of employment and position, and the position during the relevant time period.

6. "Identify" or "Identity", when used in reference to an entity, shall mean to state its full and complete name and a present or last known address of its headquarters or the principal place of business.

7. "Identify" or "Identity", when used in reference to a document, shall mean to state the nature of the document (e.g., letter, memorandum, etc.); the date, if any, appearing on the document; the identity of the person who wrote, signed, dictated, or otherwise participated in the preparation of the document; the identity of all persons who received copies of the document; and the present location and custodian of the document.

8. "Identify" or "Identity", when used in reference to a meeting or to an oral communication, shall mean to state the following: the date and place of the meeting or communication; the identity of the individuals who initiated the meeting or communication; the identity of each person who participated in, or who was present at, any part of or all of the meeting or oral communication, or became privy to the substance of the meeting or oral communication; the subject of the meeting or oral communication, and whether the meeting or oral communication occurred in person or by telephone, and if by both, the method by which each individual participated.

9. "Refer to", "Relating to", and "Concerning" mean directly or indirectly in whole or in part, referring to, relating to, connected with, commenting on, impinging or impacting upon, affecting, responding to, showing, describing, analyzing, reflecting, or constituting.

10. Whenever an interrogatory requests you to "describe", you should provide all information relating to the subject matter of such interrogatory, including a specification of dates of all events which relate to the subject matter, the identity of all oral communications and meetings relating to the subject matter, the identity of all persons with knowledge of the facts that relate to such subject matter, and the identity of all documents which refer to or contain information concerning such subject matter. If there were any oral or written communications concerning the subject matter of the interrogatory, include the identity of the participants to such communications and set forth the substance of such communications.

## II. INSTRUCTIONS

1. If you claim any form of privilege, whether based on statute or otherwise, as a ground for not answering an interrogatory or any part of an interrogatory, set forth all facts upon which the claim of privilege is based.

2. If you claim any form of privilege, whether based on statute or otherwise, as a ground for not identifying requested oral communications or documents, set forth all facts upon which the claim of privilege is based, and for each document as to which you claim any form of privilege, identify the date, subject matter, and author and recipient of the document, including all persons to whom the document has been provided or who have it in their possession.

3. Whenever a date is requested and the exact date is not known, give the approximate date.

4. Where facts are set forth and answers or portions thereof and are supplied upon information and belief rather than upon your direct personal knowledge, you should so state, and specifically identify each source of such information and belief. Should you be unable to answer any interrogatory or portion thereof by either actual knowledge or upon information and belief, you should so state.

5. Whenever a full and complete answer to an interrogatory or subpart is contained in a document identified as answering a specific numbered interrogatory or subpart, a document or a copy may be supplied in lieu of a written answer.

## III. INTERROGATORIES

1. With respect to ¶10 of your complaint, please identify which of the black inmates named were paroled only after litigation had begun in the federal court system.

**RESPONSE:**

2.  For each of the inmates identified in answer to Interrogatory No. 1, please describe fully the nature of the federal court litigation.

**RESPONSE:**

3.      Provide the complete factual basis for your claim in ¶10 of your complaint that the black inmates had recommendations for parole from the Department of Corrections. By "complete factual basis," defendants mean that you should provide all information upon which you based this allegation.

**RESPONSE:**

4. Identify the number of times you were denied parole and for each denial, provide its date and the reasons given by the Board for the denial.

**RESPONSE:**

5. Provide the complete factual basis for your allegations in ¶10 of your complaint with respect to William Allison, Robert Evans, and Clyde Seymour.

**RESPONSE:**

6. Do you admit you are a sex offender? If your answer to this interrogatory is "NO," please give the complete basis for your denial.

**RESPONSE:**

                                                    **D. MICHAEL FISHER**
                                                  **Attorney General**

BY: _____
       **DANIEL J. DOYLE**
       **Senior Deputy Attorney General**
       **I.D. No. 54855**

       **SUSAN J. FORNEY**
       **Chief Deputy Attorney General**
       **Chief Litigation Section**

**Office of Attorney General**
**Litigation Section**
**15th Floor, Strawberry Sq.**
**Harrisburg, PA 17120**
**(717) 787-2944**

DATE: December 13, 2000

## CERTIFICATE OF SERVICE

I, **DANIEL J. DOYLE**, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on December 13, 2000, I caused to be served a copy of the foregoing document entitled **Defendants' First Set of Interrogatories,** by depositing same in the United States Mail, first class, postage prepaid, in Harrisburg, Pennsylvania, upon the following:

**Russell Goss, Jr., CD-1749
SCI-Frackville
1111 Altamont Boulevard
Frackville, PA 17931-2699**

DANIEL J. DOYLE
Senior Deputy Attorney General
I.D. No. 54855

**ATTACHMENT B**



**COMMONWEALTH OF PENNSYLVANIA**
**OFFICE OF ATTORNEY GENERAL**

January 25, 2001

MIKE FISHER
ATTORNEY GENERAL

15th Fl., Strawberry Square
Litigation Section
Harrisburg, PA 17120
(717) 787-2944
(717) 772-4526 - FAX

Russell Goss, Jr., CD-1749
SCI-Frackville
1111 Altamont Boulevard
Frackville, PA 17931-2699

      RE:    *Goss v. Ward, et al.*
              No. 1:CV-00-1069 (M.D.Pa.)

Dear Mr. Goss:

      On December 13, 2000, I served interrogatories on you in this case to which you have not responded. May I assume from this that you no longer have any interest in pursuing this litigation? If that is the case, please let me know immediately and we can notify the Court. If you do wish to proceed, please answer my interrogatories immediately so that I won't have to seek an order from the Court.

                               Best regards,

                                 DANIEL J. DOYLE
                                 Senior Deputy Attorney General

lls

## CERTIFICATE OF SERVICE

I, **DANIEL J. DOYLE**, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on February 7, 2001, I caused to be served a copy of the foregoing document entitled **Defendants' Motion to Compel Answers to Interrogatories and to Extend the Date for Filing Dispositive Motions,** by depositing same in the United States Mail, first class, postage prepaid, in Harrisburg, Pennsylvania, upon the following:

**Russell Goss, Jr., CD-1749**
**SCI-Frackville**
**1111 Altamont Boulevard**
**Frackville, PA  17931-2699**


**DANIEL J. DOYLE**
**Senior Deputy Attorney General**
**I.D. No. 54855**