IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RUSSELL E. GOSS, JR., :
:
    Plaintiff :
:
v. : No. 1:CV-00-1069
: (JUDGE RAMBO)
WILLIAM F. WARD, et al., :
:
    Defendants :

FILED
HARRISBURG, PA
FEB 7 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND TO EXTEND THE DATE FOR FILING DISPOSITIVE MOTIONS

### PROCEDURAL HISTORY / STATEMENT OF FACTS

This case was initiated by Russell E. Goss, Jr., who, at the time the complaint was filed was an inmate at the State Correctional Institution at Rockview but who is now at the State Correctional Institution at Frackville. Goss alleged that his civil rights were violated by the Pennsylvania Board of Probation and Parole and the members of that Board because Goss was turned down for parole on the basis of his race. He alleged further that white inmates are paroled at much greater rates than are black inmates. Defendants answered the complaint in October of last year and on December 5, this Court ordered that discovery was to be completed within sixty days and dispositive motions, if any, were to be filed thirty days after the close of discovery.

On December 13, 2000, defendants served on plaintiff a set of interrogatories that contained six items. A copy of defendants' interrogatories are attached to the motion to compel as **ATTACHMENT A**. Interrogatories one through three and five asked plaintiff to give more detail with respect to some of the allegations he made in ¶10 of his complaint regarding the circumstances of the parole of certain inmates. The fourth interrogatory seeks information about the plaintiff's

efforts to obtain parole for the purpose of determining whether the plaintiff's recollection conflicts at all with the records of defendants. The last interrogatory asks whether plaintiff admits he was a sex offender for the purpose of determining whether there might be an obvious reason other than race for the denial of plaintiff's parole.

Goss never responded to this set of interrogatories so, on January 25, 2001, defendants sent him a letter reminding him of his obligation to respond. In the alternative, they suggested to him that if he no longer was interested in pursuing this case, he should let defendants know so that the Court could be notified. As of this date, Goss has yet to respond.

### STATEMENT OF THE ISSUES

I. Should Goss be ordered to respond to defendants' interrogatories.

II. Should the date for filing dispositive motions be extended because of Goss' failure to respond to defendants' discovery.

### ARGUMENT

### I. GOSS SHOULD BE REQUIRED TO FULLY ANSWER DEFENDANTS' INTERROGATORIES.

The interrogatories served on Goss complied with Fed.R.Civ.P. 33, were limited in scope and went directly to issues in this case. Goss has provided no response whatever and no excuse for his failure to respond either to the interrogatories or to defendants' reminder letter. Goss should not be permitted to file a lawsuit and then refuse to respond to reasonable discovery requests. The information sought by defendants will help them prepare a motion for summary judgment by better learning what information Goss has to support the allegations of his complaint. If this

discovery is not timely answered and Goss then submits facts in opposition to defendants' motion for summary judgment which could have been provided in defendants' discovery requests, defendants will be at an unfair disadvantage. If Goss intends to pursue this case, he should be directed to respond to the interrogatories.

II. **THE DATE FOR FILING DISPOSITIVE MOTIONS SHOULD BE MOVED BACK TO ALLOW ADEQUATE TIME AFTER DISCOVERY TO FILE A PROPER MOTION.**

Goss' failure to respond to defendants' discovery has put defendants in a somewhat difficult position. The date for filing dispositive motions is approximately four (4) weeks away and, if Goss does respond to defendants' interrogatories, he might do so too late for defendants to incorporate those responses into a dispositive motion. Defendants submit that, in fairness, they should be allowed fifteen (15) days after a response to their discovery to prepare and file any appropriate dispositive motion. Denial of this request would reward Goss for his untimely responses to discovery.

## CONCLUSION

For the reasons given above, defendants' motion should be granted and Goss should be ordered to fully respond to their interrogatories. Further, dispositive motions should not be required until fifteen (15) days after a response has been received.

Respectfully submitted,

**D. MICHAEL FISHER**
Attorney General

BY: _____
**DANIEL J. DOYLE**
Senior Deputy Attorney General
I.D. No. 54855

**SUSAN J. FORNEY**
Chief Deputy Attorney General
Chief Litigation Section

**Office of Attorney General**
**Litigation Section**
**15th Floor, Strawberry Sq.**
**Harrisburg, PA  17120**
(717) 787-2944

**DATE:  February 7, 2001**

## CERTIFICATE OF SERVICE

I, **DANIEL J. DOYLE**, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on February 7, 2001, I caused to be served a copy of the foregoing document entitled **Defendants' Brief in Support of Their Motion to Compel Answers to Interrogatories and to Extend the Date for Filing Dispositive Motions,** by depositing same in the United States Mail, first class, postage prepaid, in Harrisburg, Pennsylvania, upon the following:

**Russell Goss, Jr., CD-1749**
**SCI-Frackville**
**1111 Altamont Boulevard**
**Frackville, PA 17931-2699**


_____
**DANIEL J. DOYLE**
**Senior Deputy Attorney General**
**I.D. No. 54855**