**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RUSSELL E. GOSS, JR., :
:
    Plaintiff :
:
v. : No. 1:CV-00-1069
: (JUDGE RAMBO)
WILLIAM F. WARD, et al., :
:
    Defendants :



FILED HARRISBURG
MAR 06 2001
MARY E. D'ANDREA, CLERK
Per _____ DEPUTY CLERK

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedures, defendants move the Court for an order granting summary judgment in their favor because no material facts are in dispute and defendants are entitled to judgment as a matter of law.

This motion is supported by a Statement of Material Facts and Documents in Support of Summary Judgment. A memorandum of law supporting the motion will be filed within ten (10) days in accordance with Local Rule 7.5.

**WHEREFORE**, defendants' motion for summary judgment should be granted.

                          Respectfully submitted,

                          D. MICHAEL FISHER
                          Attorney General

BY: _____
       DANIEL J. DOYLE
       Senior Deputy Attorney General
       I.D. No. 54855

       SUSAN J. FORNEY
Office of Attorney General        Chief Deputy Attorney General
Litigation Section        Chief Litigation Section
15th Floor, Strawberry Sq.
Harrisburg, PA 17120
(717) 787-2944

DATE: March 6, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RUSSELL E. GOSS, JR., :
:
    Plaintiff :
:
v. : No. 1:CV-00-1069
: (JUDGE RAMBO)
WILLIAM F. WARD, et al., :
:
    Defendants :

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendants through their counsel, hereby submit the following statement of materials and undisputed facts in support of their motion for summary judgment:

1. William F. Ward is employed by the Commonwealth of Pennsylvania, Board of Probation and Parole (Board). He is the Chairman of the Board and has held this position since March 31, 1997. (Ward Dec., ¶1).

2. As Chairman, William F. Ward is the chief executive of the Board and is responsible for the overall administration of program operations and state parole processes. (Ward Dec., ¶2).

3. As Chairman, William F. Ward is familiar with the Board's records regarding plaintiff Goss. (Ward Dec., ¶3).

4. Plaintiff Goss has filed the above-captioned lawsuit against the Board, and Board Members William F. Ward, Gary Lucht, Allen Castor, Sean Ryan, Barbara Descher, Richard Kipp, Benjamin Martinez, Nicholas Muller, and Michael Webster. (Complaint, ¶5; Ward Dec., ¶4).

5. Mr. Goss was denied parole on May 25, 1999. (Ward Dec., Att. B).

6. Exhibit A of the Ward Declaration is an accurate list of all white and non-white inmates who have been paroled from July 1, 1996 to July 1, 2000 after receiving sex offender therapy at the State Correctional Institution at Rockview.

7. From July 1, 1996 to July 1, 2000, twenty-nine (29) black sex offender inmates (37.17%) were paroled, one (1) Hispanic, one (1) Asian, and forty-seven (47) whites. (Ward Dec., Ex. A).

8. William F. Ward is aware of plaintiff's allegations in this case that white inmates are given preference for parole over black inmates. (Ward Dec., ¶7).

9. The Board has absolutely no policy of providing any racial consideration or preference for its consideration of parole applications. (Ward Dec., ¶8).

10. Under no circumstances does a parole applicant's race affect the decision whether he or she is paroled. Rather, the Board reviews such factors as the severity of the offense, the applicant's adjustment to incarceration, his danger to society if released on parole, his acceptance of responsibility for his actions, his success in receiving treatment in prison, his ability to control anger and stress and others. (Ward Dec., ¶9).

11. The official board records show that the Court of Common Pleas for Bucks County, Pennsylvania, convicted plaintiff Russell E. Goss, parole number 503AE and institutional number CD-1749, in 1993 of four counts of rape, two counts of statutory rape, six counts of involuntary deviate sexual intercourse, two counts of corruption of minors, one count of sexual abuse of children, two counts of aggravated assault and two counts of aggravated indecent assault, and sentenced him to seven and a half (7½) to fifteen (15) years incarceration. (Ward Dec., ¶10).

12. Goss had previously been convicted of indecent assault and corruption of minors for which he had received a probationary sentence.

13. Goss' minimum sentence expired on July 9, 1999, and his maximum sentence is presently scheduled to expire on January 8, 2007. (Ward Dec., ¶13).

14. Goss was denied parole by the Board on May 25, 1999. (Ward Dec., ¶14).

15. William F. Ward has reviewed the Board's file relative to Mr. Goss' application for parole. According to Chairman Ward, nothing in Mr. Goss' parole file indicates that race was a factor in the Board's decision to deny him parole. (Ward Dec., ¶14).

16. John M. Allar has been employed by the Commonwealth of Pennsylvania, Department of Corrections, State Correctional Institution at Rockview (SCI-Rockview), Pennsylvania for eighteen (18) years. (Allar Dec., ¶1).

17. In approximately 1986, Mr. Allar started the sex offender treatment program at SCI-Rockview along with Gregory Gaertner, Ph.D., and was an original co-director with Dr. Gaertner. (Allar Dec., ¶2).

18. From 1988 to 1992, Mr. Allar worked as the Assistant to the Superintendent at SCI-Rockview. (Allar Dec., ¶3).

19. In 1992, Mr. Allar became the Unit Manager of B-Block, which is a general population block. (Allar Dec., ¶4).

20. From January of 1997 to January of 2000, Mr. Allar worked in the sex offender unit at SCI-Rockview as the Unit Manager. (Allar Dec., ¶5).

21. Based on Mr. Allar's experience working in the sex offender unit as a co-director for almost three years and then as Unit Manager for three years, he would estimate that approximately two-thirds of all participants in the sex offender therapy program at SCI-Rockview are white. (Allar Dec., ¶6).

22. It is Mr. Allar's understanding that in four years preceding April of 2000, approximately forty-seven (47) white inmates and thirty-one (31) non-white inmates, who have gone through the sex offender program at SCI-Rockview, has been paroled. (Allar Dec., ¶7).

23. According to Mr. Allar's calculations based on those numbers, approximately sixty (60) percent of the sex offenders at SCI-Rockview who have received parole have been white and approximately forty (40) percent of sex offenders at SCI-Rockview who have received parole have been non-white over that four-year period. (Allar Dec., ¶8).

24. Mr. Allar believes that those numbers are proportionately consistent with the numbers of sex offenders who have gone through the sex offender program in his experience. (Allar Dec., ¶9).

25. Philip M. Duck has been employed by the Commonwealth of Pennsylvania, Department of Corrections, since 1987. (Duck Dec., ¶1).

26. In March of 2000, Mr. Duck became the Unit Manager of the sex offender treatment unit at SCI-Rockview, Pennsylvania. (Duck Dec., ¶2).

27. On October 12, 2000, Mr. Duck was contacted by Michael A. Farnan, Deputy Attorney General, Office of Attorney General, and asked to identify how many black, white, and Hispanic inmates were in the sex offender treatment program at SCI-Rockview on that date. (Duck Dec., ¶3).

28. After checking records, Mr. Duck called Deputy Attorney General Farnan back to tell him that on October 12, 2000, there were seventy (70) white inmates, twenty-four (24) black inmates, and three (3) Hispanic inmates in the sex offender treatment program at SCI-Rockview. The racial composition of the sex offender treatment program at SCI-Rockview has remained generally consistent with that since Mr. Duck began working as Unit Manager for the sex offender treatment program at SCI-Rockview. (Duck Dec., ¶4).

29. Mr. Duck performed another count on February 21, 2001. At that time, there were sixty-five (65) white inmates, twenty-one (21) black inmates, and three (3) Hispanic inmates in the sex offender program. (Duck Dec., ¶5).

30. In Goss' parole denial, the Board decided that "following an interview and review of [plaintiff's] file, the [Board] has determined that the mandates to protect the safety of the public and to assist in the fair administration of justice cannot be achieved from [plaintiff's] release on parole." (Ward Dec., ¶14).

                             Respectfully submitted,

                             D. MICHAEL FISHER
                             Attorney General

BY: _____
     DANIEL J. DOYLE
     Senior Deputy Attorney General
     I.D. No. 54855

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief Litigation Section

Office of Attorney General
Litigation Section
15th Floor, Strawberry Sq.
Harrisburg, PA 17120
(717) 787-2944

DATE: March 6, 2001

-5-

# Unsworn Declaration of William F. Ward

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RUSSELL E. GOSS, Jr.,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
    **Plaintiff**　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　　　　:　　No. 1:CV-00-1069
　　　　　　　　　　　　　　　　　　　　:　　(JUDGE RAMBO)
WILLIAM F. WARD, et al.,　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
    **Defendants**　　　　　　　　　　　:

## UNSWORN DECLARATION OF WILLIAM F. WARD

I, **WILLIAM F. WARD**, hereby state under penalty of perjury that the following is true and correct based upon my personal knowledge:

1. I am employed by the Commonwealth of Pennsylvania, Board of Probation and Parole (Board). I am the Chairman of the Board and have held this position since March 31, 1997.

2. I am the chief executive of the Board.

3. As Chairman, I am responsible for the overall administration of program operations and state parole processes.

4. Plaintiff Russell E. Goss has filed the above-captioned lawsuit against me, the Board, and Board Members Gary Lucht, Allen Castor, Sean Ryan, Barbara Descher, Richard Kipp, Benjamin Martinez, Nicholas Muller, and Michael Webster. *See* Complaint, ¶5.

5. The last time Mr. Goss was under consideration for parole, in May of 1999, his application was denied.

6. Attached as **Exhibit A** is a list of all white and non-white inmates who have been paroled from July 1, 1996 to July 1, 2000 after receiving sex offender therapy at the State Correctional Institution at Rockview. Because the Board does not maintain records of parolees

broken down by race, institution, and participation in sex offender therapy at SCI-Rockview, legal staff have had to gather this information from several sources, including the Department of Corrections, to obtain the names listed on Exhibit A. Every effort has been made to be as accurate as possible.

7. I am aware of plaintiff's allegations in this case that white inmates are given preference for parole over black inmates.

8. The Board has absolutely no policy of providing any racial consideration or preference for its consideration of parole applications.

9. Under no circumstances does a parole applicant's race affect the decision whether the or she is paroled. Rather, the Board reviews such factors as the severity of the offense, the applicant's adjustment to incarceration, the applicant's danger to society if released on parole, the applicant's acceptance of responsibility for his or her actions, the applicant's success in receiving treatment in prison, the applicant's ability to control anger and stress and others.

10. The official board records show that the Court of Common Pleas for Bucks County, Pennsylvania, convicted plaintiff Russell E. Goss, parole number 503AE and institutional number CD-1749, in 1993 of four counts of rape, two counts of statutory rape, six counts of involuntary deviate sexual intercourse, two counts of corruption of minors, one count of sexual abuse of children, two counts of aggravated assault and two counts of aggravated indecent assault, and sentenced him to seven and a half (7½) to fifteen (15) years incarceration.

11. Goss' convictions stem from a long-term period of child molestation. His victim was the daughter of his girlfriend who was 10 years old when the abuse started. When she was 11 years old, Goss began having intercourse with her and when she was 12 or 13, he began having anal

-2-

intercourse with her. He also forced his victim to have oral sex with him. This conduct continued for more than four years. In addition, Goss threatened and beat his victim.

12. Goss had previously been convicted of indecent assault and corruption of minors for which he had received a probationary sentence.

13. Goss' minimum sentence expired on July 9, 1999, and his maximum sentence is presently scheduled to expire on January 8, 2007.

14. Nothing in the Board's file suggests that the denial of Goss' parole in May of 1999 was based upon his race. The Board decided that Goss should not be paroled in order for the Board to protect the safety of the public and assist in the fair administration of justice. A true and correct copy of the Board's May 25, 1999 decision is attached to this Declaration as **Exhibit B**.

_February 26, 2001_
**DATE**

_William F. Ward_
**WILLIAM F. WARD**

-3-

## NON-WHITE SEX OFFENDERS PAROLED AFTER RECEIVING TREATMENT AT ROCKVIEW

| Name | Date | Name | Date |
|---|---|---|---|
| Henry Austin — | 12/15/99 | An Khamphouseane (Asian) — | 6/1/99 |
| Thomas Baxter — | 8/23/99 | Raymond Mace — | 6/29/98 |
| Joseph Bells — | 2/3/00 | Dale W. Moore — | 8/3/99 |
| George Bennett — | 2/28/00 | Frank Chris Myers — | 8/12/99 |
| Darrien Cameron — | 7/29/99 | Curtis Pitman — | 8/17/98 |
| William Diggs — | 7/20/97 | Carl Reid — | 2/28/00 |
| Robert Egleston — | 1/17/00 | James Rice — | 8/19/97 |
| Stefon Frazier — | 6/15/98 | Michael Smalls — | 8/30/99 (twice) |
| Clyde Gibbs — | 11/15/99 | Leroy Spann — | 7/26/99 |
| Ivan Gonzalez (Hispanic) — | 8/5/97 | Barry Speller — | 4/16/00 |
| Clarence Grant — | 11/9/99 | Arthur Stewart — | 11/9/99 |
| Richard Green — | 1/10/96 | Michael Torain — | 3/6/00 |
| Calvin Grier — | 4/10/00 | Arthur Trapp — | 12/1/97 |
| James Hancock — | 4/10/00 | Terry Washington — | 4/7/98 |
| Carl Johnson — | 6/28/99 | Calvin Clark — | 3/6/00 |
| Gregory Jolly — | 3/16/98 | | |

## WHITE SEX OFFENDERS PAROLED AFTER RECEIVING TREATMENT AT ROCKVIEW

| Name | Date | Name | Date |
|---|---|---|---|
| Ronald Ray Price — | 12/17/97 | Gary Oley — | 2/22/99 |
| Edward Abrams — | 10/27/97 | Edward Ozosky — | 6/8/98 |
| Michael K. Boggess — | 9/30/97 | Robert M. Peterson — | 7/28/97 |
| Robert Bowers — | 6/11/97 | Frederick Schwarz — | 11/15/99 |
| John Boyle — | 2/23/98 | Clyde Seymour — | 4/24/00 |
| Michael Bragg — | 10/5/98 | Edward Shimko — | 5/6/99 |
| Edward Bulovas — | 11/23/99 | Edwin Smith — | 7/13/99 |
| Robert Calandra — | 8/21/97 | Kenneth Stem — | 4/5/99 |
| Mark Coldsmith — | 4/29/99 | Keith Strine — | 4/9/00 |
| Fred Dicts — | 2/28/00 | Michael Tiano — | 5/26/98 |
| John E. Dwyer — | 11/8/99 | Steven Tormas — | 11/16/98 |
| Terry Engle — | 6/15/98 | Joseph E. Tubbs — | 8/5/98 |
| Robert Evans — | 9/8/98 | Ricky Wehr — | 8/10/98 |
| William Fasick — | 6/15/98 | Robert Wolk — | 4/7/99 |
| Owen Ginnery — | 10/18/99 | Randall Wray — | 5/6/97 |
| Kenneth Gundacker — | 3/9/99 | Alan Yeager — | 3/2/98 |
| Frederick Hyatt — | 8/31/99 | Michael Dxeripko — | 10/1/99 |
| John Jordan — | 3/29/99 | Daryl Deep — | 1/6/00 |
| Edward A. Koller — | 11/8/99 | Thomas Hetrick — | 12/27/99 |
| Edward Kyle — | 3/29/99 | Richard Hovis — | 1/10/00 |
| Mark McBride — | 8/9/99 | James Jansons — | 11/18/96 |
| Samuel Megina (Medina) — | 10/14/96 | Carl Mason — | 11/15/99 |
| Lester Ro Nenninger — | 4/30/98 | John Scott Sacik — | 9/27/99 |
| Nicholas Crowley — | 3/27/00 | | |

**EXHIBIT A**

NOTICE OF BOARD DECISION
PBPP-10(9/93)

COMMONWEALTH OF PENNSYLVANIA
PENNA. BOARD OF PROBATION AND PAROLE

DATE: 052599

CLIENT NAME: RUSSELL E. GOSS, JR.
INSTITUTION: SCI - ROCKVIEW

PAROLE NO: 503AF
INSTITUTION NO: CD174

AS RECORDED ON 052599 THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:

- FOLLOWING AN INTERVIEW AND REVIEW OF YOUR FILE, THE PENNSYLVANIA BOARD OF PROBATION AND PAROLE HAS DETERMINED THAT THE MANDATES TO PROTECT THE SAFETY OF THE PUBLIC AND TO ASSIST IN THE FAIR ADMINISTRATION OF JUSTICE CANNOT BE ACHIEVED THROUGH YOUR RELEASE ON PAROLE. YOU ARE THEREFORE REFUSED PAROLE ORDERED TO:

BE REVIEWED IN OR AFTER JULY, 2001.

AT YOUR NEXT INTERVIEW, THE BOARD WILL REVIEW YOUR FILE AND CONSIDER:

WHETHER YOU HAVE SUCCESSFULLY COMPLETED A TREATMENT PROGRAM FOR: SEX OFFENDERS.
WHETHER YOU HAVE RECEIVED A FAVORABLE RECOMMENDATION FOR PAROLE FROM THE DEPARTMENT OF CORRECTIONS.
WHETHER YOU HAVE MAINTAINED A CLEAR CONDUCT RECORD AND COMPLETED THE DEPARTMENT OF CORRECTIONS' PRESCRIPTIVE PROGRAM(S).

KLD 5/25/99

FILE COPY

**EXHIBIT B**

William F. Ward
Chairman

# Unsworn Declaration of John M. Allar

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RUSSELL E. GOSS, Jr.,

    Plaintiff

v.                      No. 1:CV-00-1069
                         (JUDGE RAMBO)

WILLIAM F. WARD, et al.,

    Defendants

## UNSWORN DECLARATION OF JOHN M. ALLAR

I, **JOHN M. ALLAR**, hereby state under penalty of perjury that the following is true and correct based upon my personal knowledge:

1. I have been employed by the Commonwealth of Pennsylvania, Department of Corrections, State Correctional Institution at Rockview, Pennsylvania (SCI-Rockview) for eighteen (18) years.

2. In approximately 1986, I started the Sex Offender Treatment Program at SCI-Rockview along with Gregory Gaertner, Ph.D., and was an original co-director with Dr. Gaertner.

3. From 1988 to 1992, I worked as the Assistant to the Superintendent at SCI-Rockview.

4. In 1992, I became the Unit Manager of B-Block, which is a general population block.

5. From January of 1997 to January of 2000, I worked in the Sex Offender Unit at SCI-Rockview as the Unit Manager.

6. Based on my experience working in the Sex Offender Unit as Co-Director for almost three years and then as Unit Manager for three years, I would estimate that approximately two-thirds of all participants in the Sex Offender Therapy Program at SCI-Rockview are white.

7. It is my understanding that in the four years preceding April of 2000, approximately forty-seven (47) white inmates and thirty-one (31) non-white inmates who have gone through the sex offender program at SCI-Rockview have been paroled.

8. According to my calculations based on those numbers, approximately sixty (60) percent of sex offenders at SCI-Rockview who have received parole have been white and approximately forty (40) percent of sex offenders at SCI-Rockview who have received parole have been non-white over that four-year period.

9. I believe that those numbers are proportionately consistent with the numbers of sex offenders who have gone through the sex offenders programs in my experience.

_2-27-01_
**DATE**

_John M. Allar_
**JOHN M. ALLAR**

# Unsworn Declaration of
# Philip M. Duck

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RUSSELL E. GOSS, Jr., :
:
    Plaintiff :
:
v. : No. 1:CV-00-1069
: (JUDGE RAMBO)
WILLIAM F. WARD, et al., :
:
    Defendants :

## UNSWORN DECLARATION OF PHILIP M. DUCK

I, **PHILIP M. DUCK**, hereby state under penalty of perjury that the following is true and correct based upon my personal knowledge:

1. I have been employed by the Commonwealth of Pennsylvania, Department of Corrections, since 1987.

2. In March of 2000, I became the Unit Manager of the Sex Offender Treatment Unit at the State Correctional Institution at Rockview, Pennsylvania (SCI-Rockview).

3. On October 12, 2000, I was contacted by Michael A. Farnan, Deputy Attorney General, Office of Attorney General, and asked to identify how many black, white, and Hispanic inmates were in the Sex Offender Treatment Program at SCI-Rockview on that date.

4. After checking records, I called Deputy Attorney General Farnan back to tell him that on October 12, 2000, there were seventy (70) white inmates, twenty-four (24) black inmates, and three (3) Hispanic inmates in the Sex Offender Treatment Program at SCI-Rockview. The racial composition of the Sex Offender Treatment Program here has remained generally consistent with that.

5. On February 21, 2001, I performed a new count. On that date, there were sixty-five (65) white inmates, twenty-one (21) black inmates, and three (3) Hispanic inmates in this program.

<u>2-27-01</u>  
**DATE**

<u>       *[signature]*       </u>  
**PHILIP M. DUCK**

## CERTIFICATE OF SERVICE

I, **DANIEL J. DOYLE**, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on March 6, 2001, I caused to be served a copy of the foregoing document entitled **Defendants' Motion for Summary Judgment / Statement of Undisputed Material Facts,** by depositing same in the United States Mail, first class, postage prepaid, in Harrisburg, Pennsylvania, upon the following:

**Russell Goss, Jr., CD-1749**
**SCI-Frackville**
**1111 Altamont Boulevard**
**Frackville, PA 17931-2699**


                                                              _____
                                                              **DANIEL J. DOYLE**
                                                              **Senior Deputy Attorney General**
                                                              **I.D. No. 54855**