**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RUSSELL E. GOSS, JR.,
Plaintiff

v.

No. 1:CV-00-1069

WILLIAM F. WARD, ET AL
Defendants



FILED
APR 09 2001
PER _____
HARRISBURG, PA. / DEPUTY CLERK

**PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION AND
BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT**

The plaintiff has been served with copies of the Defendants Motion For Summary Judgement, and brief in support of this Motion. The Defendant's Motion is dated March 6, 2001; and the Brief in Support is dated March 19th 2001. Plaintiff now submits this response to defendant's motion for summary judgement.

In their Motion the Defendants set forth (3) questions for review by this Court: The first being "whether the Board is entitled to Summary Judgement based upon the Eleventh Amendment to the U.S. Constitution. Plaintiff has not named the board as a defendant in this action, but has named the individual members of the board as defendants in this action. Therefore, the "Board" as an entity, lacks standing to move for summary judgement in an action that it is not named as a party in the complaint. The Counsel for the defendants states in their argument in the brief that "it is assumed" that The Plaintiff intends that the Board be a party. This not the case in this event. The Board as an entity is not named or claimed to be a party in this action.

2) Whether the Plaintiff can demonstrate a viable claim of Racial Discrimination and Due Process violations: Plaintiff has stated a viable claim of racial discrimination, and the actual proof is in the record created by the

board's actions. At the time of Plaintiff's complaint, there had been (9) black inmates paroled from the sex offenders program at SCI Rockview; during that same period of time (27) white inmates were paroled after attending the sex offenders program at Rockview. There was a great disparity between the numbers of the two groups as to who were granted parole and who were denied. The Defendants go further and explains the circumstance of the Plaintiff's offense; however, the Plaintiff does not dispute the grounds of his conviction, and has accepted the responsibility for his actions, and has attended sex offender therapy. In their **statement of facts,** the Defendants put forth an explanation as why there are many more whites than blacks who are granted parole from the sex offenders program at SCI Rockview, and rationalize that there are a greater number of whites therefore they are a greater proportion of those paroled. The defendants have failed to recognize that the complaint is not based upon *the numbers of those paroled*, but upon the *different application of the parole criteria between the two groups* which results in the greater proportion of whites granted parole. Blacks who are recommended for parole by the Department of Corrections after participating in therapy are denied parole in greater numbers than whites in proportion to their small number in the program. Whites have been paroled while in the intermediate level of therapy; whites have also been paroled without an institutional recommendation for parole as in the cases of **Robert Evans** and **Clyde Seymour**. Mr. Evans had a violent crime that included the use of a weapon; Mr. Evans was removed from the program while in the intermediate level of therapy, had his recommendation rescinded by the institution, yet was still paroled by the Board ; **Mr. Seymour** was also removed from the program while still in intermediate level therapy for failure to benefit from therapy, yet was granted parole by the board. This was also the case with **Mr. Joseph Tubbs** who was paroled from intermediate level therapy. No black inmates were paroled from intermediate level therapy or without an institutional recommendation for parole. There cases of discrepancies in the application of parole criteria between blacks and whites that will be revealed upon review by this Court. The Defendants have failed to explain or attempt to explain the differences in the application of parole criteria between blacks and whites in

their bids for parole. The Plaintiff has been disadvantaged by this different and discriminatory application of parole criteria. Although the Board states that Race is not an issue in determining parole eligibility, whites are paroled without institutional recommendations and blacks were not; whites were paroled from intermediate level therapy and blacks were not. The Defendants state that Plaintiff overlooks their policy of examining all relevant factors in each unique application for parole; and further states that "one would expect that, based on statistics, more white inmates receiving treatment at SCI Rockview would mean more white sex offenders being paroled after receiving treatment; this explanation is not accurate when viewing the facts that the white inmates lacked support of the institution and did not have a recommendation for parole. The relevant factors in this situation are that, under the criteria applied to the plaintiff, he was denied parole while whites sex offenders who were less qualified for parole because they demonstrated a lack of benefit from therapy and an inability to deal with stress and tension created in a program setting, and failed to accept responsibility for their actions, as shown by their poor performance in therapy, were granted parole. A benefit not available to black inmates in the sex offenders program at SCI Rockview. In light of this unequal application of parole criteria, there are basis for an equal protection claim. Additionally, the defendants has failed to provide the documents requested by plaintiff in his discovery motions that were needed to prove his claims of disparate treatment by the defendants, which creates a burden on the plaintiff to prove his claims beyond a reasonable doubt.

As to Plaintiff Due Process Claim; Defendants admit that the Third Circuit Court has held that, although inmates have no fundamental right to parole, they have a viable substantive due process claim if they are denied parole for arbitrary or capricious reasons, such as the race of an inmate, which is the case in this instant matter.

Defendants also state that the aspects of Plaintiff's case that "likely" affected the outcome of his application for parole includes the nature of his offense, duration of his sentence, his adjustment in prison, recommendations from the Department of Corrections, interviews with the board, and his progress in the sex

offenders program. Accordingly, this same criterion should apply to white inmates in the sex offenders program; if it had applied, those without recommendations, and poor performance adjustments in prison would not have been granted parole.

The Defendants claim that they are entitled to qualified immunity; and because defendants reasonably believed their actions were legal, they are entitled to judgement as a matter of law. Here defendants give and take on responsibility for their actions as if to say, "we were no committing an illegal act, but if we were we are justified in doing so." The Defendants have not acted with reasonable good faith belief in the lawfulness of their actions and are not entitled to immunity therefor. In **Bivins v Six Unknown Agent**, 403 US 388, 29, L.Ed.2D 619, 19 S.Ct.1999 (1970), the Supreme Court held that the government agent may be held liable for violating constitutional rights. Qualified immunity argument fails if public officer violates clearly established rights, because a reasonably competent official should know the law governing his conduct, **Benites v. Wolff**, 985 F.2D 662 (2nd Cir.1993). In this instant matter, it is clearly established that plaintiff had a right to equal treatment under the law. For qualified immunity to attach, it is not enough that officer believes his conduct comports with clearly established rights, but that belief must be reasonable, **Gardner v. Incorparated Village of Endicott**, 50 F.3D 151 (2nd Cir.1995); In this instant matter, it is unreasonable for defendants to believe that a system of profiling, or any form of unequal treatment of black and white inmates, who are still citizens of this Nation, would or could be considered legal and in good faith. The defendants justify their denial of parole to the plaintiff who is black, because he molestation of a child beginning when she was ten, and with emphasis, the defendant state that [ indeed, it was quite reasonable to decide not to parole plaintiff in light of his criminal conviction.] Under this justification the same should have applied equally to the white sex offenders who molested victims who were ten years old at the outset of their behavior, and were convicted for their offense, and did not benefit from therapy, and were not recommended for parole by the Department of Corrections.

## CONCLUSION

PLAINTIFF has shown that there is some evidence that the defendants has discriminated against him and other black inmates in the sex offenders program at SCI Rockview; that the plaintiff was/is adversely affected and disadvantaged by the defendants' discriminatory practices; that there is a defacto system of discrimination employed by the defendants.

For the above stated reasons, judgement should not be entered in favor of the defendants against the plaintiff; and this matter should be set for resolution or trial as determined by this Court.

Respectfully Submitted

*/s/ Russell Gross Jr*

Plaintiff, pro se

## CERTIFICATE OF SERVICE

I, **Russell. Goss, Jr.**, certify that I have served a true and correct copy of the attached document upon the persons, and in the manner indicated below:

SERVICE BY FIRST CLASS CERTIFIED MAIL ON THIS 3RD **DAY OF APRIL, 2001**

Daniel J. Doyle

Senior Deputy Attorney General

Office of Attorney General

15th Floor, Strawberry Square

Harrisburg, Pa 17120

Respectfully Submitted

*Russell Goss Jr.*

Plaintiff, Pro se

# EXHIBIT 1

Case 1:00-cv-01069-SHR-KH    Document 20    Filed 04/09/2001    Page 7 of 13

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE FREEMAN, | : |
| Plaintiff | : |
| v. | : No. 3:99-CV-0815 |
| WILLIAM F. WARD, et al., | : (Judge Conaboy) |
| Defendants | : |

## DEFENDANTS' ANSWERS TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. Identify, describe, or explain the criteria which the defendants use or apply to applicants when deciding whether or not an applicant qualifies for parole.

ANSWER: The criteria used in deciding whether or not an applicant qualifies for parole is found at 61 P.S. §331.19.

2. Identify all white inmates who have been paroled from the sex offenders program at SCI-Rockview over the past four (4) years.

ANSWER: See Exhibit 1.

3. Identify all white offenders who have been paroled from the sex offenders program without an institutional recommendation over the past four years.

ANSWER: See Exhibit 1.

4. Identify all black inmates paroled from the sex offenders program at SCI-Rockview over the past four (4) years.

ANSWER: See Exhibit 1.

5. Identify all black inmates who have been paroled from the sex offenders program at SCI Rockview over the past four years who did not have an institutional recommendation.?

ANSWER: See Exhibit 1.

6. Is a favorable recommendation from the Department of Corrections a prerequisite for parole qualification?

ANSWER: No. Inmates have been paroled without a recommendation from the Department of Corrections. However, it is one of several factors considered by the Board.

7. Are there presently any black board members presently serving on the Pennsylvania Board of Probation and Parole?

ANSWER: Yes.

8. To the defendants' knowledge, were Robert Evans and Clyde Seymour removed from sex offender therapy for cause (not benefiting (sic) from therapy)?

OBJECTION. The defendants object to this interrogatory as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence as is required by Fed.R.Civ.P. 26(b)(i).

9. How many board members participate in the decision-making process whether or not to grant parole?

ANSWER: Two board members normally participate in the decision making process as to whether or not to grant parole. If the inmate seeking parole is a violent offender, three Board members generally participate in the decision. One of the participants in the parole decision can be a hearing examiner.

10. What members participated in the decision-making process in regard to the plaintiff in this case?

ANSWER:

11. Identify all the facts that the board takes into consideration when making any decisions whether to grant or deny parole. Please be specific.

ANSWER: The facts that the board takes into consideration when making decisions whether to grant or deny parole are found at 61 P.S. §331.21.

12.   Explain the reasons why defendants denied parole to plaintiff in this case.

ANSWER:   The reasons plaintiff has been denied are found in the Board orders.

Objections interposed
on behalf of defendants by:

*Gwendolyn T. Mosley*
GWENDOLYN T. MOSLEY
Senior Deputy Attorney General
Attorney ID# 60257

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief, Litigation Section

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg PA 17120
(717) 787-1180

Date: March 3, 2000

|  | **Minorities** |  | **Whites** |  |
|---|---|---|---|---|
| 1996 | Richard Green | 1/10/96 | Samuel Medina | 10/14/96 |
|  |  |  | James Jansons | 11/18/96 |
| 1997 |  |  | Randall Wray | 5/6/97 |
|  |  |  | Robert Bowers | 6/11/97 |
|  | William Diggs | 7/20/97 | Robert M. Peterson | 7/28/97 |
| (H) | Ivan Gonzalez | 8/5/97 | Robert Colandra | 8/21/97 |
|  | James Rice | 8/19/97 | Edward Abrams | 10/27/97 |
|  |  |  | Michael K Boggers | 10/17/97 |
|  | Arthur Trapp | 12/1/97 | Ronald Ray Price | 12/17/97 |
| 1998 |  |  | John Boyle | 2/23/98 |
|  | Greg Jolly | 3/16/98 | Alan Yeager | 3/2/98 |
|  | Terry Washington | 4/7/98 | Lester Ro Neminger | 4/30/98 |
|  |  |  | Michael Tiano | 5/26/98 |
|  |  |  | Edward Ozosky | 6/8/98 |
|  |  |  | Terry Engle | 6/15/98 |
|  | Raymond Mace | 6/29/98 | William Fasick | 6/15/98 |
|  |  |  | Joseph E Tubbs | 8/5/98 |
|  | Curtis Pittman | 8/17/98 | Ricky Wehr | 8/10/98 |
|  |  |  | Robert Evans | 9/8/98 |
|  |  |  | Michael Bragg | 10/5/98 |
|  |  |  | Steven Tormas | 11/16/98 |
|  |  |  | Dave Marinalli |  |
|  |  |  | Edward Hudak |  |
|  |  |  | George Farr |  |
|  |  |  | William Allison |  |
|  |  |  | Donnie Stat |  |
|  |  |  | Robert Druckenmiller |  |
| 1999 |  |  | Gary Oley | 2/22/99 |
|  |  |  | Kenneth Gundacker | 3/9/99 |
|  |  |  | John Jordan | 3/29/99 |
|  |  |  | Edward Kyle | 3/29/99 |
|  |  |  | Kenneth Stem | 4/5/99 |
|  |  |  | Robert Wolk | 4/7/99 |
|  |  |  | Mark Coldsmith | 4/29/99 |
| (A) | An Khamphouseane | 6/1/99 |  |  |
|  |  |  | Edward Shimko | 5/6/99 |
|  | Carl Johnson | 6/28/99 | Edwin Smith | 7/13/99 |
|  | Leroy Spann | 7/26/99 |  |  |
|  | Darrien Cameron | 7/29/99 | Mark McBride | 8/9/99 |
|  | Dale Moore | 8/3/99 |  |  |
|  | Frank Chris Myers | 8/12/99 |  |  |
|  | Thomas Baxter | 8/23/99 |  |  |
|  | Michael Smalls | 8/30/99 | Frederick Hyatt | 8/31/99 |
|  |  |  | John Scott Sacik | 9/27/99 |
|  |  |  | Michael Cseripko | 10/1/99 |

|      |                   |          |                    |          |
|------|-------------------|----------|--------------------|----------|
|      |                   |          | Owen Ginnery       | 10/18/99 |
|      |                   |          | John E Dwyer       | 11/8/99  |
|      | Clarence Grant    | 11/9/99  | Edward A Koller    | 11/8/99  |
|      | Arthur Stewart    | 11/9/99  | Frederick Schwarz  | 11/15/99 |
|      | Clyde Gibbs       | 11/15/99 | Carl Mason         | 11/15/99 |
|      |                   |          | Edward Bulovas     | 11/23/99 |
|      | Henry Austin      | 12/15/99 | Thomas Hetrick     | 11/27/99 |
|      |                   |          | Jeff Markey        |          |
|      |                   |          |                    |          |
| 2000 | Robert Egelston   | 1/17/00  | Darryl Deep        | 1/6/00   |
|      | Joseph Bells      | 2/3/00   | Richard Hovis      | 1/10/00  |
|      | George Bennett    | 2/28/00  | Fred Dicts         | 2/28/00  |
|      | Carl Reid         | 2/28/00  | Nicholas Crowley   | 3/27/00  |
|      | Calvin Clark      | 3/6/00   | Keith Strine       | 4/9/00   |
|      | Calvin Grier      | 4/10/00  | Clyde Seymour      | 4/24/00  |
|      |                   |          |                    |          |
|      | James Hancock     | 4/10/00  | Louis Lordi        |          |
|      | Barry Speller     | 4/16/00  | Larry Dixon        |          |
|      | Reginald Dunlap   | 9/25/00  | Brian Furhman      |          |
|      | Bernard Jeter     | 10/25/00 |                    |          |

