**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RUSSELL E. GOSS
    Plaintiff

v.

William F. Ward, et al.,



FILED
MAY 0 4 2001
PER
HARRISBURG, PA.  DEPUTY CLERK

1:CV-00-1069

PLAINTIFF'S STATEMENT OF MATERIAL FACTS
IN SUPPORT OF HIS BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGEMENT

   Plaintiff an order from this Court directing him to file a Statement of Material Facts, in support of plaintiff's brief in opposition to defendant's motion for summary judgement. This order is dated April 12, 2001. Plaintiff now files this Statement in compliance with that order. Plaintiff will respond seriatim to each numbered paragraph in Defendant's Statement of Material Facts.

1. Admitted

2. Admitted

3. Admitted

4. Admitted

5. Admitted

6. Denied:    This list submitted by the defendants does not include the name of William Allison, who was paroled in November, Of 1998, or Dave Marinelli, who was also paroled in 1998.

7. Admitted.

8. Admitted

9. Denied:    Although the Defendant board states that there is no policy providing any racial consideration or preference for its Consideration of parole applications, the actual application of parole criteria is applied in a discriminatory manner, The "Board" does in fact have a defacto system of discrimination when it is applied between the races. The "Board Did not parole black inmates who received sex offender treatment at SCI. Rockview if they did not receive a Recommedation for parole from the Department of Corrections; or if the black inmates were not in the advanced or Third phase of therapy. If this names criteria would have been applied justly to black ane white inmates, those White inmates who were not recommended for parole, or who were not in third phase of therapy would not have Been paroled.

10. Denied.    See response to item No 14 below.

11. Admitted.

12. Admitted.

13. Admitted.

14. Denied.    Plaintiff states that he was/is disadvantaged by the Defendants discriminatory actions in that defendants give Consideration to whites over blacks. The record will show that Plaintiff, was not recommended for parole, neither Robert Evans, William Allison, and Clyde Seymour, three white inmates who were paroled by the Defendants even though there was violence in their offence, and they did not benefit from therapy, as shown by they're removal from the sex offender program and their lack or a favorable recommendation from the Department of Corrections; additionally these white inmates were still in the intermediate level of therapy at the time they were granted parole.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted

21. Plaintiff has no knowledge of this fact.

22. From item 22 to item 29, the Plaintiff has no knowledge of these facts and cannot admit nor deny the truth of these matters.

23. Admitted:   Although the board reached the decision stated as outlined in the statement of material facts, it is a discriminatory Decision when viewing the totality of the circumstances; that being, that white inmates who were not recommended For parole was still granted parole and black inmates were not; white inmates who were in the intermediate level Of therapy were granted parole and black inmates were not.

   In summary, the Defendant's disadvantaged the Plaintiff and other black inmates in the sex offender program at SCI Rockview by their discriminatory and unlawful actions in applying the parole criteria to black and white inmates.

                                                                    Respectfully Submitted,
                                                                    _Russell C. Hoss Jr._
                                                                    Plaintiff, Pro se

## CERTIFICATE OF SERVICE

I, Russell E. Goss, certify that I haved served a true and correct copy of the attached document upon the persons and in the manner indicated below:

SERVICE BY FIRST CLASS MAIL ON THIS 29TH DAY OF APRIL, 2001.


Office of Attorney General
Litigation Section
15th Floor, Strawberry Square
Harrisburg, Pa 17120


Respectfully Submitted

Plaintiff, Pro se