JUDGE'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSSELL E. GOSS, JR., | : |
| Plaintiff | : |
| v. | : No. 1:CV-00-1069 |
| | : (JUDGE RAMBO) |
| WILLIAM F. WARD, et al., | : |
| Defendants | : |

FILED
HARRISBURG
MAY 11 2001
MARY E. D'ANDREA
per _____
DEPUTY CLERK

## REPLY BRIEF IN SUPPORT OF
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

In his brief in opposition to defendants' motion for summary judgment, the plaintiff merely reasserts the allegations contained in his complaint. He provides no evidence to the Court. Although he makes certain claims with respect to certain white inmates, he makes no showing that he has personal knowledge with respect to these allegations. Nor does he suggest how he could have personal knowledge with respect to which inmates had favorable parole recommendations from the Department of Corrections or which inmates may have been paroled from the intermediate level of therapy. His lack of knowledge has led him to make assertions about these inmates which are factually incorrect.

For example, plaintiff states in his brief that former inmate Robert Evans, who is white, was convicted of a violent crime that included the use of a weapon, was removed from the sex offender program while in the intermediate level of therapy, had his recommendation for parole rescinded by the institution, yet he was paroled. Plaintiff's Brief, p.2. These claims are false. According to Edward Burke, Mr. Evans' parole agent at SCI-Rockview, who does have personal knowledge of Mr.

Evans' case, Evans was not charged with or convicted of using a weapon during the commission of his crime, he completed the sex offender program, was paroled after he completed that program, was never removed from the program, and received a recommendation from SCI-Rockview for parole in 1997 and 1998. *See* Unsworn Declaration of Edward Burke, attached to this brief. Prior to receiving parole in May of 1998, Evans had been refused parole by the Board on two occasions. *Id.*

In opposing defendants' motion for summary judgment, plaintiff "may not rest upon the mere allegations" in his complaint. F.R.Civ.P. 56(e). Rather, he must set forth facts by affidavits or as otherwise provided by Rule 56. Plaintiff has failed to do so here.

Plaintiff seemingly attempts to excuse his failure to provide evidence supporting his allegations by claiming in his brief that defendants "failed to provide the documents requested by plaintiff in his discovery motions . . .." Plaintiff's Brief, p.3. The problem with this claim is that plaintiff never served a discovery request on defendants and therefore, defendants have not failed to do anything they were obligated to do.

Plaintiff has not met his burden of showing that there is any evidence that he was treated differently by defendants because of his race. Summary judgment should therefore be granted in favor of all defendants.

          **Respectfully submitted,**

          **D. MICHAEL FISHER**
          **Attorney General**

BY: _____
**DANIEL J. DOYLE**
Senior Deputy Attorney General
I.D. No. 54855

**SUSAN J. FORNEY**
Chief Deputy Attorney General
Chief, Litigation Section

**Office of Attorney General
Litigation Section
15th Fl., Strawberry Square
Harrisburg, PA 17120
(717) 787-2944**

**DATE:   May 11, 2001**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSSELL E. GOSS, Jr., | : |
| **Plaintiff** | : |
| v. | : No. 1:CV-00-1069 |
| | : (Judge Rambo) |
| WILLIAM F. WARD, et al., | : |
| **Defendants** | : |

## UNSWORN DECLARATION OF EDWARD BURKE

I, **EDWARD BURKE**, declare under penalty of perjury in accordance with 28 U.S.C. §1746 that the following facts are true and correct based upon my personal knowledge:

1. I am a Parole Agent employed by the Pennsylvania Board of Probation and Parole. I have been employed by the Board since March 20, 1985.

2. My current assignment is at the State Correctional Institution at Rockview ("SCI-Rockview"), Bellefonte, PA 16823-0820. I have worked at this institution since March 20, 1985.

3. I served as parole agent for Robert Patrick Evans, a white male, who was a convicted sex offender incarcerated at SCI-Rockview from July 20, 1989 until he was paroled to a community corrections center in September 1998. I have personal knowledge of the facts surrounding Mr. Evans' parole from the Department of Corrections.

4. Mr. Evans pled guilty to two counts of involuntary deviate sexual intercourse and two counts of corruption of the morals of a minor. Although all sexual crimes are considered to be violent crimes, Mr. Evans was neither charged with or convicted of using a weapon during the commission of this crime.

5. Mr. Evans' minimum sentence, when he first became eligible to apply for parole, expired July 20, 1996.

6. Mr. Evans had been refused parole by the Board in 1996 and again in 1997.

7. Mr. Evans entered the Sex Offender Program at SCI-Rockview on January 11, 1995 and completed the program in May 1998.

8. Mr. Evans was not paroled from the intermediate level of the SCI-Rockview Sex Offender program, but instead was paroled after completion of the program.

9. Mr. Evans was never removed from the SCI-Rockview Sex Offender Program.

10. SCI-Rockview recommended that Mr. Evans received parole in both 1997 and again in 1998. The institution's recommendation for Mr. Evans to be paroled was not rescinded.

5-11-01
DATE

_Edward Burke_ PAIT
EDWARD BURKE

## CERTIFICATE OF SERVICE

I, **DANIEL J. DOYLE**, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on May 11, 2001, I caused to be served a copy of the foregoing document entitled **Reply Brief in Support of Defendants' Motion for Summary Judgment,** by depositing same in the United States Mail, first class, postage prepaid, in Harrisburg, Pennsylvania, upon the following:

Russell Goss, Jr., CD-1749
SCI-Frackville
1111 Altamont Boulevard
Frackville, PA 17931-2699

**DANIEL J. DOYLE**
**Senior Deputy Attorney General**
**I.D. No. 54855**