ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

1:00-CV-1069
(27)
5-30-0

RUSSELL E. GOSS
    Plaintiff

v.

WILLIAM F. WARD, et. al.,
    DEFENDANTS

FILED
HARRISBURG, PA

MAY 29 2001

MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

**PLAINTIFF'S RESPONSE TO DEFENDANTS' REPLY BRIEF
IN SUPPORT DEFENDANTS MOTION FOR SUMMARY JUDGEMENT**

1. Plaintiff has been served with a copy of defendants' **Reply Brief In Support of Defendants' Motion for Summary Judgement**. This Brief is dated **May 11, 2001.** Plaintiff now submits his response to this brief.

2. In Paragraph (1) of the Reply Brief, the defendants state that "Plaintiff merely reasserts allegations contained in his complaint," and makes no showing that he has personal knowledge with respect to these allegations; however, has personal knowledge of these matters as set forth in his complaint because plaintiff participated in the Sex Offenders Program at the same time that **Robert Evans, Clyde Seymour,** and **Joe Tubbs.** Plaintiff has personal knowledge pertaining to all allegations contained in his complaint; additionally plaintiff participated in group discussions at various times with the above named inmates, and the problems they were having in therapy were the topics of discussion. With respect to **Robert Evans**; plaintiff has personal knowledge that **Mr. Evans** did stop attending groups and was removed from the program by **Mr. Jack Allar,** and **Nancy Mayer,** accordingly he had his recommendation rescinded.

3. **James R. Shedrick** was a group leader and coordinator in the sex offenders program, and had the occasion to be group leader and coordinator of both **Robert Evans** and **Clyde Seymour,** and his affidavit is attached hereto, and marked as exhibit "A."

4. The Affidavit of **Edward Burke** is false, misleading, and a woeful attempt to mislead the Court. (See Mr. James R. Shedrick's Affidavit attached hereto). The Program Directors, Nancy Mayer, Kathy Phelps, and Jack Allar would

have more creditability than Mr. Burke has in this matter, since they were the staff responsible for removing Mr. Evans from the program.

5. The Defendants again attempts to mislead this Court by stating that the plaintiff failed to served a discovery request on the Defendants; nothing could be further from the truth. Plaintiff filed his "**Request for Production of Documents**" on the defendants, and the Defendants have failed to provide plaintiff with any of the requested discovery material. See **Plaintiff's Request for Production of Documents** marked as exhibit "B," and **Plaintiff's First Set of Interrogatories** marked as Exhibit "C."

6. Without the requested documentation, plaintiff was not able to submit documents in support of his claims; however, an examination of the record by this Court would produce the required documentation.

7. The defendants are either misinformed, or are giving deliberate and outright falsehoods to this Court in an attempt to gain Summary Judgement from this Court.

8. The Defendants have not met their burden of showing that there is not any evidence in support of plaintiff's claims, and therefore they are resulting to deliberate and misleading falsehoods.

9. If all the foregoing statements in the Defendants reply Brief is false, the Court should not, in good faith accept any other claims, (without examining the record) of the Defendants as true, and should deny the **Motion for Summary Judgement.**

In summary, the Defendant's have attested to their truthfulness, creditability and knowledge pertaining to this instant matter. The Defendants have Disadvantaged the Plaintiff and other black inmates in the sex offender program at SCI Rockview by their illegal and discriminatory and unlawful actions in applying the parole criteria to black and white inmates.

Respectfully Submitted,

*Russell E. Cost*
Plaintiff, Pro se

## CERTIFICATE OF SERVICE

**I, Russell E. Goss**, certify that I have served a true and correct copy of the attached document upon the persons and in the manner indicated below:

SERVICE BY FIRST CLASS MAIL ON THIS **26TH** DAY OF **May**, **2001**.

Office of Attorney General

Litigation Section

15th Floor, Strawberry Square

Harrisburg, Pa 17120

Respectfully Submitted

*Russell E. Goss*
Plaintiff, Pro se

# EXHIBIT (A)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Russell E. Goss, Jr.,
**Plaintiff**

v.                                                          No. 1:CV-00-1096

William F. Ward, et al.,
**Defendants**

## UNSWORN DECLARATION OF JAMES R. SHEDRICK

1. I, declare under penalty of perjury in accordance with 28 U.S.C 1746, that the following facts are true and correct based upon my personal knowledge:

2. I am an ex – inmate who participated in sex offender therapy with Robert Evans; Clyde Seymour, and Joe Tubbs. I was a group member in therapy of Mr. Robert Evans. I am aware of the facts surrounding Mr. Robert Evans because of personal discussions with him.

3. I discussed the facts with Mr. Evans as to why he was removed from the sex offender program, and was asked by Mr. Evans to assist him with filing a civil complaint if he was denied parole based upon his removal from the program. I had occasion to file a habeas corpus petition on behalf of Mr. Evans when he was denied parole the second time.

4. I am aware of the fact that Mr. Evans was removed from the program for not benefiting from therapy. We were in the same group with the same therapist, Ms. Kathy Phelps.

5. If called upon by this Court to give testimony relating the events mentioned above, I will do so.

Respectfully Submitted

*/s/ James R. Shedrick*

# EXHIBIT (B)

IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF PENNSYLVANIA

RUSSELL E. GOSS
  Plaintiff

v.                                NO. 1:CV-00-1096

WILLIAM F. WARD, et al.,
  Defendants

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**Defendants are hereby required** to respond within the time required by the Fed.Rules of Civil Procedure to plaintiff's request for production of documents. Plaintiff hereby request the following documents:

1. All documents that support defendant's action, and upon which the defendants rely upon to support their denial of plaintiff's parole.

2. All written reports and recommendations submitted to the defendants by the Department of Corrections, that relate to plaintiff's fitness or qualification for parole.

3. All written reports now in possession or now obtainable by the defendants that relate to plaintiff's psychological profile or fitness for parole.

4. All documents that explain and support the criteria that defendants rely upon to reach decisions in the parole decision making process.

5. All journal entries or other documents prepared by any or all of the defendants reflecting or relating to the events complained of in this action.

6. All correspondence, or notes of conversations between the defendants or other persons, excluding legal counsel, relating to events complained of in this action.

7. All medical, mental health, therapeutic, or similar records from any and all sources relating to, or in reference to plaintiff from January 1, 1996, to present, that are now in the possession of or obtainable by the defendants.

Respectfully Submitted

*Russell E. Goss*

Plaintiff, Pro se

CERTIFICATE OF SERVICE

I, **Russell E. Goss**, certify that I have served a true and correct copy of the document upon the persons and in the manner indicated below:

SERVICE BY FIRST CLASS MAIL ON THIS **10th** DAY OF **December**, 2001

Daniel J. Doyle, D.A.G.
Office of Attorney General
15th Floor, Strawberry Square
    Litigation Section
Harrisburg, Pa 17120

Respectfully Submitted

*Russell E. Goss*
Petitioner, Pro se
Box A
Bellefonte, pa 16823

EXHIBIT ( C )

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RUSSELL E. GOSS
   Plaintiff

     v.                         No. 1:CV-0001069
                              (Judge Rambo)

William F. Ward, et al.,
   Defendants

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

    Pursuant to Fed.R.Civ.P.33, Defendants are hereby requested to file a response to the following interrogatories within thirty days of service:

1. Identify, describe, or explain the criteria which the defendants use or apply when deciding whether or not to grant parole to an applicant.

2. Identify all white inmates who have been paroled from SCI Rockview after receiving therapy in the sex offenders program at SCI Rockview.

3. Identify all black sex offenders who have been paroled from SCI Rockview after receiving therapy in the sex offenders program at SCI Rockview.

4. Is a favorable recommendation from the Department of Corrections a prerequisite for parole qualification.

5 Are there presently any black board members currently serving on the Pennsylvania parole Board; if the answer is yes, please give name.

6. For what reason does the board continuously deny parole to the plaintiff in this matter.

7. How many board members participate in the decision making process relating to granting or denying parole to an applicant.

8. Is a unanimous required in order to achieve parole.

9. What members participated in the parole decision making process in relation to the plaintiff in this matter.

Respectfully Submitted

*Russell E. Gosh*

Plaintiff, Pro se

CERTIFICATE OF SERVICE

I, **Russell E. Goss**, certify that I have served a true and correct copy of the document upon the persons and in the manner indicated below:

SERVICE BY FIRST CLASS MAIL ON THIS **10th** DAY OF **December**, 2001

Daniel J. Doyle, D.A.G.
Office of Attorney General
15th Floor, Strawberry Square
  Litigation Section
Harrisburg, Pa 17120

Respectfully Submitted

*Russell E. Goss*

Petitioner, Pro se
Box A
Bellefonte, pa 16823