IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RUSSELL E. GOSS, JR., :
:
    Plaintiff : CIVIL NO. 1:CV-00-1069
:
v. :
: (Judge Rambo)
WILLIAM F. WARD, et al., :
:
    Defendants :

FILED
HARRISBURG, PA

SEP 2 6 2001

MARY E. D'ANDREA, CLERK
PER_____ DEPUTY CLERK

MEMORANDUM

Before the court is Defendants' motion for summary judgment filed on March 6, 2001. Because Plaintiff has failed to demonstrate an equal protection violation or due process claim, judgment will be entered for Defendants.

I.    Background

Plaintiff, Russell Goss, an inmate previously confined at the State Correctional Institution at Rockview, Pennsylvania, ("SCI-Rockview") filed the instant complaint pursuant to 42 U.S.C. § 1983. Plaintiff has since been transferred to SCI-Frackville.[1]

---

1    The court confirmed Plaintiff' transfer via the Pennsylvania Department of Corrections inmate locator. Usually, when an inmate is transferred to another prison, his request for declaratory and injunctive relief will be dismissed as moot. *Abdul-Akbar v. Watson*, 4 F.3d 195, 206-07 (3d Cir. 1993) (A prisoner's transfer or release from prison moots his claims for injunctive or declaratory relief since he is no longer subject to the

(Doc. 19, p. 1.)  Plaintiff completed this court's form application to proceed *in forma pauperis* and authorized deduction of funds from his account.[2]  (Doc. 2.)  This court granted plaintiff's application to proceed *in forma pauperis* by order (Doc. 8) dated July 28, 2000.  The court then issued an administrative order directing the warden of SCI-Rockview to commence deducting the full filing fee from plaintiff's prison trust fund account.

Plaintiff filed the instant complaint on June 15, 2000, naming as Defendants William Ward, chairman of the Pennsylvania Board of Probation and Parole ("Board") and the following board members:  Gary Lucht, Allen Castor, Barbera Descher, Richard Kipp, Benjamin Martinez, Nicholas Muller, Sean Ryan, and Michael Webster.  Although not named in the body of the complaint, the Board was listed as a Defendant in Plaintiff's case caption.  Plaintiff contends the Board "invidiously discriminated against the plaintiff and other black inmates in the sex offenders program here at Rockview, and

---

conditions he alleges are unconstitutional); *see also, Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981) ("a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge .")  Because Plaintiff's claim is based on his denial of parole and not conditions at SCI-Rockview per se, the court will address the motion for summary judgment on its merits.

2    The Prison Litigation Reform Act (the "PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), imposed new obligations on prisoners who file suit in federal court and wish to proceed *in forma pauperis* under 28 U.S.C. § 1915, *e.g.*, the full filing fee ultimately must be paid (at least in a non-habeas suit).

2

the Board has violated the plaintiff's right to equal protection and due process of law as guaranteed by the U.S. Constitution." (Doc. 1, p. 2.)

As to relief sought, Plaintiff seeks declaratory and injunctive relief. Specifically, he seeks: (1) to bar Defendants from retaliating against him for instituting his complaint; (2) a declaratory judgment that defendants have violated plaintiff's constitutional rights when they failed to give equal and fair consideration to plaintiff because of his race; and (3) an injunctive order restraining the defendants from exercising their discretionary power or authority in a discriminatory manner.

The following facts are undisputed unless otherwise noted: Plaintiff was a participant in the sex offender program ("SOP") at Rockview. Plaintiff claims that the African American inmates who are or were participants in SOP have been interviewed by the Board and consistently denied parole for "various arbitrary reasons." (Doc. 1, p. 2.)

Plaintiff contends that since 1996 approximately 16 African American offenders have been paroled from SOP. Plaintiff asserts that 44 Caucasian inmates have been paroled during the same time frame. Plaintiff states all of the African American inmates had a recommendation from the Department of Corrections ("DOC") whereas two of the Caucasian inmates were paroled without a favorable recommendation by the DOC. Plaintiff further alleges that some of the Caucasian inmates were paroled without completing the SOP. (*Id.*, p. 2-3.)

3

Plaintiff states in his opposing brief that the Board is "not named or claimed to be a party in this action." (Doc. 20, p. 1.) Furthermore, in his brief, Plaintiff now states that at the time he filed his complaint, nine African American inmates from the SOP at SCI-Rockview had been paroled while 27 Caucasian inmates were paroled. In terms of the exhibits offered by Plaintiff, only one document – the unsworn declaration of a former inmate who stated he had a conversation with another inmate who had been removed from the SOP but was still granted parole (Shedrick Decl., ¶¶ 2, 3.) – complied with 28 U.S.C. § 1746.[3]

---

[3] The remaining documents submitted by Plaintiff included: (1) photocopy of answers to interrogatories from another lawsuit in which Plaintiff was not a party (Doc. 20); (2) photocopy of two pages that list several names by their race and accompanied by unidentified dates (Doc. 20); (3) photocopy of another list of names, year, and race (Doc. 20); (4) photocopy of plaintiff's first request for production of documents (Doc. 27); and (5) plaintiff's first set of interrogatories (Doc. 27).

Plaintiff seemingly attempts to excuse his failure to provide evidence supporting his allegations by claiming that Defendants "failed to provide the documents requested by plaintiff in his discovery motions . . . ." (Doc. 20, p. 3.) The last two exhibits provided by Plaintiff appear to be an offer of proof on his part that he tried to obtain discovery. The court notes that both documents are dated December 10, 2001, suggesting that the documents were completed this year and not during the discovery period. Furthermore, Plaintiff has filed no motions with this court seeking the production of discovery. In fact, Defendants filed a motion to compel answers to interrogatories and to extend the date for filing dispositive motions (Doc. 14) on February 7, 2001, which they eventually withdrew when Defendants' counsel received responses from plaintiff. (Doc. 16.) If Defendants were not complying with discovery requests, Defendants' motion to compel and this court's Standing Practice Order (Doc. 5), would have placed Plaintiff on notice as to what steps he needed to take to receive any requested discovery. To this date, Plaintiff has not filed a discovery motion.

4

Defendants have submitted a statement of material facts, (Doc. 18) as well as unsworn declarations filed pursuant to 28 U.S.C. § 1746 and a brief in support of motion for summary judgment (Doc. 19) and a reply brief (Doc. 26).

Defendants state that the official Board records show that Plaintiff was convicted in the Court of Common Pleas for Bucks County, Pennsylvania in 1993 of four counts of rape, two counts of statutory rape, six counts of involuntary deviate sexual intercourse, two counts of corruption of minors, one count of sexual abuse of children, two counts of aggravated assault and two counts of aggravated indecent assault. (Ward Decl., ¶ 10.) Defendant Ward states the convictions stem from a long-term period of child molestation in which the victim was the minor daughter of Plaintiff's girlfriend. (Ward Decl., ¶ 11.) Defendants assert that Plaintiff's minimum sentence expired on July 9, 1999, and his maximum sentence is presently scheduled to expire on January 8, 2007. (Ward. Decl., ¶ 13.) The Board denied Plaintiff parole on May 25, 1999. (Ward Decl., ¶ 14.) Defendant Ward further states that Plaintiff had previously been convicted of indecent assault and corruption of minors for which he had received a probationary sentence. (Ward Decl., ¶ 12.)

Defendant Ward declares that he reviewed the Board's file on Plaintiff's application for parole, and nothing in the file indicates that race was a factor in the Board's decision. (Ward Decl., ¶ 14.) John Allar, co-founder of the sex offender

5

treatment program at SCI-Rockview, states that based on his experience working in the sex offender unit, he would estimate that approximately two-thirds of all participants in the program are Caucasian. (Allar Decl., ¶ 6.) Allar asserts that in the four years preceding April of 2000, approximately 47 Caucasian inmates and 31 non-Caucasian inmates who have gone through the sex offender program at SCI-Rockview have been paroled. (Aller Decl., ¶ 7.)

Defendants state that Philip Duck was the unit manager of the sex offender treatment at SCI-Rockview at the time Plaintiff filed the instant complaint. (Duck Decl., ¶ 2.) On October 12, 2000, Duck checked the records to determine how many African American, Caucasians, and Latinos were currently in SOP. (Duck Decl., ¶ 3.) He asserts that there were seventy Caucasian inmates, twenty-four African American inmates, and three Latino inmates in the SOP. (Duck Decl., ¶ 4.) Duck states he performed another count on February 21, 2001 and the numbers were sixty-five Caucasian inmates, twenty-one African Americans inmates, and three Latino inmates. (Duck Decl., ¶ 5.)

In Plaintiff's parole denial, the Board decided that "following an interview and review of [Plaintiff's] file, the [Board] has determined that the mandates to protect the safety of the public and to assist in the fair administration of justice cannot be achieved from [Plainitff's] release on parole." (Ward Decl., Ex. B.)

6

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis which would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id.* at 249. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir. 1985).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in [his] complaint; instead, [he] must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, and designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient

7

to establish the existence of an element essential to that party's case and on which that party will bear the burden at trial." *Id.*

## III. DISCUSSION

Defendants contend that the Board is entitled to summary judgment because the suit is barred by the Eleventh Amendment. (Doc. 19, p. 3.) Furthermore, Defendants state that summary judgment is appropriate because Plaintiff cannot demonstrate a viable claim of racial discrimination. (*Id.*) Defendants also assert that the individual Defendants are entitled to qualified immunity. (*Id.*) The motion for summary judgment is now ripe for consideration. Because Plaintiff has failed to make out a prima facie case for relief under 42 U.S.C. § 1983, the court will grant Defendants' motion.

Because Plaintiff states in his opposing brief that the Board is not a defendant in this action, there is no need for the court to address Defendants' first contention. The Board is dismissed without prejudice from this action. As the court will set forth more fully below, Defendants are entitled to judgment in their favor.

To prevail in an action under 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) violation of a right secured by the Constitution and the laws of the United States; and (2) that the alleged deprivation was committed by a person acting under color of state law. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).

It is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Furthermore, the Pennsylvania parole statute does not create a liberty interest. *Rodgers v. Parole Agent SCI- Frackville, Wech*, 916 F. Supp 474, 476-77 (E.D. Pa. 1996); *McCrery v. Mark*, 823 F. Supp. 288, 294 (E.D. Pa. 1993); *Wright v. Cuyler*, 517 F. Supp. 637 (E.D. Pa. 1981).

Even if an inmate successfully completes a treatment program, Pennsylvania's parole scheme does not create a predictable expectation of parole upon completion of a rehabilitation program. *Charles v. Witman*, Civ. No. 3:CV-94-1713, slip op. at 3 (M.D. Pa., July 20, 1995) (J. Vanaskie). Furthermore, the Board, in its sole discretion, determines whether an inmate is rehabilitated and able to serve the remainder of his sentence on parole. *Myers v. Ridge*, 712 A.2d 791, 794 (Pa. Commw. Ct. 1998) ("It is for the Board alone to determine whether or not a prisoner is sufficiently rehabilitated to serve the remainder of his sentence outside the confines of prison."); *Carter v. Muller*, 45 F. Supp. 2d 453, 457 (E.D. Pa., 1999) (*quoting* 61 Pa. Cons. Stat. §331.19); *see also Weaver v. Pennsylvania Bd. of Probation and Parole*, 688 A.2d 766, 775 (Pa. Commw. Ct. 1997) ("[T]he Board's requirement that he receive treatment and be 'cured' prior to being released on parole . . . is a legitimate requirement imposed by the Board to ensure that a prisoner is suitable for parole."). Because Plaintiff does not have a

9

constitutionally based right to parole under either the United States Constitution or under Pennsylvania law, he cannot establish a due process violation.

Plaintiff also contends he was denied parole because of his race in violation of his equal protection rights. Plaintiff would have the burden of proof at trial, and so he must demonstrate the elements of a viable claim of racial discrimination in order to defeat defendants' motion for summary judgment. *See Celotex Corp.*, 477 U.S. at 326. Plaintiff's claim of racial discrimination will only succeed if he can prove that Defendants intentionally discriminated against him because of his race. *See Steward v. Rutgers, The State University*, 120 F.3d 426, 431 (3d Cir. 1997). The only evidence Plaintiff offers to demonstrate racial discrimination is the fact that more Caucasian inmates who participated in the SOP are paroled than African American inmates. Plaintiff offers no evidence in compliance with Federal Rule of Civil Procedure 56(e) supporting this claim but merely makes allegations within his pleadings. The evidence presented by Defendants, however, shows that Plaintiff undercounted the number of African Americans sex offenders who were paroled during the time frame identified. Additionally, Plaintiff fails to take into account that there are more Caucasians in the SOP. The larger number of paroles of Caucasian sex offenders versus African American sex offenders is directly proportional to the number of Caucasian participants to the number of African American participants in the SOP.

10

In his parole denial, the Board determined that dual the mandates to protect public safety and to assist in the fair administration of justice would not be achieved by releasing Plaintiff on parole. Plaintiff had served his minimum sentence and was before the Board for the first time. Plaintiff's criminal history includes crimes against a child over a lengthy period. The Board had a legitimate basis for denying Plaintiff's application for parole.

## IV. Conclusion

Plaintiff has failed to demonstrate deprivation of a federal right. Accordingly, defendants' motion for summary judgment will be granted. An appropriate order will be issued.

SYLVIA H. RAMBO
United States District Judge

Dated: September 26, 2001.

11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RUSSELL E. GOSS, JR.,

    Plaintiff : CIVIL NO. 1:CV-00-1069

v.

: (Judge Rambo)

WILLIAM F. WARD, et al.,

    Defendants

FILED
HARRISBURG, PA
SEP 26 2001
MARY E. D'ANDREA, CLERK
PER_____ DEPUTY CLERK

**ORDER**

In accordance with the accompanying memorandum, IT IS HEREBY ORDERED THAT:

1. Defendants' motion for summary judgment, (Doc. 18), is **GRANTED**.

2. The Clerk of Court shall enter judgment in favor of the Defendants and against Plaintiff and close the file.

3. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

SYLVIA H. RAMBO
United States District Judge

Dated: September 26, 2001.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

September 26, 2001

Re: 1:00-cv-01069    Goss v. Ward

True and correct copies of the attached were mailed by the clerk
to the following:

    Russell E. Goss Jr.
    SCI-R
    SCI at Rockview
    CD1749
    P.O. Box A
    Bellefonte, PA  16823

    Daniel J. Doyle, Esq.
    Strawberry Square
    15th Floor
    Harrisburg, PA  17120

cc:
Judge                              (✓)            (✓) Pro Se Law Clerk
Magistrate Judge                   ( )            ( ) INS
U.S. Marshal                       ( )            ( ) Jury Clerk
Probation                          ( )
U.S. Attorney                      ( )
Atty. for Deft.                    ( )
Defendant                          ( )
Warden                             ( )
Bureau of Prisons                  ( )
Ct Reporter                        ( )
Ctroom Deputy                      ( )
Orig-Security                      (✓)
Federal Public Defender            ( )
Summons Issued                     ( )  with N/C attached to complt. and served by:
                                        U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5                ( )
Order to Show Cause                ( )  with Petition attached & mailed certified mail
                                        to:  US Atty Gen   ( )    PA Atty Gen ( )
                                             DA of County  ( )    Respondents ( )
Bankruptcy Court                   ( )
Other_____       ( )

                                                         MARY E. D'ANDREA, Clerk

DATE: _____9/26/01_____     BY: _____[signature]_____
                                Deputy Clerk